## Commonwealth v. Delone.

*Criminal law—Indictment—Sufficiency—Aiding and abetting embezzlement—Failure to allege crime was committed by principal—Act of 1909.*

An indictment under the Act of April 23, 1909, P. L. 169, for aiding and abetting an officer of a trust company to embezzle money, is insufficient where it fails to allege that the officer in question did embezzle money, since the offense of aiding and abetting is not complete unless in fact the principal committed the crime referred to.

Motion to quash indictment. Q. S. Dauphin Co., June Sess., 1927, No. 95.

*Robert T. Fox*, District Attorney, and *Michael E. Stroup*, Deputy Attorney-General, for Commonwealth.

*John R. Geyer* and *Paul G. Smith*, for defendant.

HARGEST, P. J., July 18, 1927.—The defendant is indicted under the Act of April 23, 1909, P. L. 169, for aiding and abetting an officer of a trust company to embezzle money.

The indictment specifically charges that the defendant "did . . . aid and abet one Aloysius S. Banmiller, who was then and there an assistant treasurer and employee of . . . The Commonwealth Trust Company of Harrisburg, Pa., . . . to embezzle, abstract and misapply certain of the moneys, funds and credits of said Commonwealth Trust Company." The defendant moved to quash the indictment upon the ground that it "does not aver that the principal therein named, with whom the defendant is charged with aiding and abetting, did embezzle, abstract or misapply any money or did any acts in violation of law."

At the argument of this case, the district attorney (correctly, as we think) conceded that this was a fatal omission. The offense charged in this indictment is aiding and abetting an officer of the trust company to embezzle. The Act of 1909 makes it a misdemeanor for any officer or employee of certain financial corporations to "embezzle, abstract or wilfully misapply any of the moneys, funds or credits of any of said institutions," and to do other things therein mentioned. It also provides that "any person who, with like intent, aids or abets any" such officer or employee "in any violation of this act shall be deemed guilty of a misdemeanor." So that the offense of aiding or abetting is not complete unless there is a violation of the act. The indictment does not charge that Banmiller embezzled, abstracted or misapplied moneys, but simply charges that the defendant aided and abetted Banmiller to embezzle, abstract and misapply.

The offense, under the statute, is practically that of an accessory, and the principles of law which apply to the indictment of an accessory apply in this case.

Prior to the Criminal Code of 1860, an accessory might be indicted, but could not be tried before the conviction of the principal: Holmes *v.* Com., 25 Pa. 221. Since the Criminal Code of 1860, an accessory may be indicted jointly with the principal and may be tried before the principal is convicted, but it is a prerequisite, on the trial of the accessory, for the Commonwealth to prove the guilt of the principal: Buck *v.* Com., 107 Pa. 486. While there appears to be no Pennsylvania authority directly in point, the general principles seem to be well established.

In 31 Corpus Juris, 659, 662, "Indictments and informations," it is said: "Nothing can be charged by implication or intendment. . . . Whatever is indispensably necessary to be proved to warrant a conviction must, as a general rule, be alleged."

An embezzlement by Banmiller must be proved. Therefore, it must be distinctly charged in the indictment. In 31 Corpus Juris, 739, it is said with reference to indictments of accessories: "All the material averments of an indictment against the principal must be embodied in the indictment of an accessory before the fact, and the same particularity is required. The commission of the offense by the principal must be alleged. . . . Following the charge of the principal crime, the facts showing that the party charged is an accessory must be alleged:" See Com. v. Kaas, 3 Brewster, 422. The indictment in this case does not comply with these principles, and we are, therefore, required to sustain the defendant's motion to quash.

Now, July 18, 1927, the indictment in the above stated case is hereby quashed.                                From Homer L. Kreider, Harrisburg, Pa.