Mr. Chief Justice Shaekey
delivered the opinion of the court.
The plaintiff in error was indicted for an assault, committed with intent to rob, and found guilty on the first and third counts, and not guilty on the second and fourth. The case is brought up on a writ of error, and a number of errors are now assigned for reversing the judgment. We shall proceed to consider of the sufficiency of such as seem to require to be noticed.
1st. It is said that the record does not show that the grand jury were charged. It is the duty of the circuit courts to charge the grand jury when impanelled, in regard to the nature of the duty which they are required to perform, and- the motives which should govern them in the discharge of that duty, but the charge so given is not to be placed upon the record, nor can *595 it be essentially necessary that it should appear by the record that it was given, as the matter charged does not constitute a ground of error. But as it constitutes part of the duty of the court to give it, we must presume that it was given unless the contrary is shown. In criminal, as well as in civil cases, the rule prevails that the party who complains of the judgment must make the error apparent, and if it is committed in reference to a matter which does not constitute a part of the record, it must be placed there by bill of exceptions.
2d. The second error assigned is, that it does not appear that the accused ever pleaded to the indictment. The law undoubtedly is that the defendant must plead in person. In this instance there was a plea by attorney, but that was a nullity. But there may be some doubt whether he did not plead at the subsequent term when he was tried. The record contains an entry in these words : “ This day came the plaintiff, by Fullon E. Anderson, Esq., district attorney, and the defendant in his own proper person, and the said defendant having been arraigned at the last term" of this court, pleaded not guilty, and put himself upon the country, and the district attorney likewise.” It would seem quite probable that this entry has reference to the plea entered at the former term. The true sense is rather obscure for want of punctuation. But it does appear from this entry, that the defendant had been arraigned at the previous term. By looking at the record of the previous term, no arraignment is mentioned. It was incompetent for the clerk at a subsequent term, to make any entry of what had transpired at the preceding term. The consequence is, that it does not legally appear that the accused ever was arraigned, which was error. 2 Hale’s Pleas of the Crown, 217. The regular time for pleading is when the prisoner is arraigned ; it is the more probable, therefore, that the plea by attorney, which was doubtless put in at that time, is the plea referred to in the entry, quoted as having been pleaded at a former term.
3d. It is thirdly assigned that seven of the jurors were tendered to the prisoner and elected, and permitted to disperse until next day without having been sworn, and that they were not *596 sworn until next day, when the panel was completed. The record shows this to have been the fact, and it was a palpable error. When a juror is elected, he must remain under the care of the court or an officer, before as well as after he is sworn, and it is error to permit the jury to disperse without the consent of the prisoner. By permitting them to go at large, they were liable to be tampered with, and to imbibe prejudices against the accused. It is immaterial whether improper influences have been exerted or not; the only safety is in keeping the jury free from a liability to such influences. These persons, although not sworn, had been selected by the prisoner; they were known as part of the jury, and, by mixing with the crowd which is usually in attendance on a court, they were exposed to the danger of receiving a bias against the prisoner, if any one happened to desire to bring about his conviction by unfair means. Or if prejudices existed against him in the community, as is sometimes the case, there was danger that they might be communicated to the minds of these jurors, without their being aware of the motive or the effect. Perhaps the prisoner had a right to object to them the next day before they were sworn; if so, they should have been retendered to him. But even if he had such rights, it did not cure the error in permitting them to disperse.
It is also assigned as error, that the court refused to allow the accused to file three pleas in abatement, the first of which avers that the grand jurors were not sworn according to law; the second, that they were not drawn according to law; and the third, that the foreman was not sworn as such. It is said these pleas were tendered before the prisoner pleaded not guilty. We have already seen that it is doubtful whether the accused ever did plead in person to the indictment. If he did not, these pleas were offered in time, but if he had previously pleaded not guilty, of course he could not afterwards plead in abatement. We are uninformed as to the precise ground on which these pleas were rejected. Before us the question has been argued as though the pleas were rejected because no exception can be taken to the competency of the grand jury by plea in abatement. The law requires that grand jurors shall possess certain quali *597 fications. From the list returned by the assessor, the jurors names are to be placed in a box and drawn in a particular manner, either before the circuit court, or before the probate court, and a venire is to issue containing the names so drawn. From the number of jurors summoned as directed, the grand jurors are to be drawn by lot, who, when so drawn, shall constitute the grand jury. In view of these several provisions, it is believed that a grand jury, composed of members who do not possess the requisite qualifications, or who have not been drawn, summoned and impanelled in accordance with the law, have no power to find a valid indictment. These restrictions and requisites have been imposed for wise purposes. They are guards thrown round the liberty of the citizen. They constitute an important part of the right of trial by jury. A grand jury does not, by our law, consist of thirteen or more men, congregated by the mere order of court, or by accident, in a jury box; but it consists of the requisite number of competent individuals, selected, summoned and sworn, according to the forms of law, and if the law be not followed, it is an incompetent grand jury. If this be so, it results as a necessary consequence, that any one indicted by such a jury, may question their power; he cannot be called to answer a charge against him unless it has been preferred according to the forms of law. The question is, how is this to be done? A prisoner who is in court, and against whom an indictment is about to be preferred, may undoubtedly challenge for cause; this is not questioned. But the grand jury may find an indictment against a person who is not in court; how is he to avail himself of a defective organization of the grand jury ? If he cannot do it by plea, he cannot do it in any way, and the law works unequally by allowing one class of persons to object to the competency of the grand jury, whilst another class has no such privilege. This cannot be. The law furnishes the same security to all, and the same principle which gives to a prisoner in court the right to challenge, gives to one who is not in court the right to accomplish the same end by plea, and the current of authorities sustains such a plea. True some may be found the other way, but it is believed that a large *598 majority of the decisions are in favor of the plea. To the list of authorities cited by counsel may be added the name of Sir Matthew Hale, which would seem to be sufficient to put the question at rest. 2 Hale’s Pleas of the Crown, 155. Vide also Sir William Withipole’s Case, Cro. Car. 134-147. A different doctrine seems to have been holden in the case of The Commonwealth v. Smith, 9 Mass. R. 107, but that case was very much doubted afterwards, in the case of The Commonwealth v. Parker, 2 Pick. R. 550. In the latter case, the court suggested the difficulty that might arise in the application of such a rule to a prisoner who was not present. In such cases, it was intimated that the rule would not be followed. The conclusion is, that these pleas were improperly rejected; that is, assuming that they were tendered before the prisoner had pleaded not guilty. Pleas in abatement in criminal, as well as in civil cases, must be pleaded at the proper time. By denying the charge, the accused waives matter in abatement. We do not of course decide on the technical sufficiency of these pleas. That is a question which could only be raised by demurrer after they were received. It is true, that a plea which is a mere nullity may be rejected, but these are not so obviously defective and inappropriate as to require them to be so treated.
It is not deemed necessary that we should notice particularly the instructions given or refused, as the other points dispose of the case, and the same difficulties may not again arise.
Judgment reversed, and cause remanded for a new trial.