Commonwealth ex rel. Aldrich *v.* Ashe, Warden.

26

OPINION BY KELLER, P. J., May 8, 1942:

The relator is confined in the Western State Penitentiary under a sentence of the Court of Oyer and Terminer of Crawford County of not less than 6 years nor more than 20 years—to date from February 22, 1940—following a verdict of guilty of robbery while armed with a loaded revolver.

His petition for writ of habeas corpus presents the following matters as grounds for his discharge:

1. He avers that he was not allowed an adequate time to prepare his defense.

The record shows that he was arrested on February 21, 1940, and the next day was taken before a justice of the peace, who after a hearing at which the defendant admitted his guilt, committed him to jail to await trial at the May term of court, which began May 6, 1940; that on May 8, 1940 a true bill was returned against him to No. 9 May Term, 1940. He was notified by the sheriff that his trial would be held the following week, that is, during the week of May 13, 1940.

His case was called for trial on May 16, 1940 and the court appointed Max B. Maloney, Esq., an attorney of said county to defend him; that after said counsel had interviewed the defendant he announced he was ready to go to trial, and the trial proceeded, resulting in a verdict of guilty, on May 17, 1940 at 4:15 o'clock P.M. Sentence was imposed on him on May 27, 1940.

Relator's trial took place nearly three months after his commitment to jail, and he had ample time to employ counsel and prepare for his defense.

The case bears no likeness to *Com. v. Jester*, 256 Pa. 441, 100 A. 993, where a prisoner was tried for rape seven days after his commitment to jail for want of bail and in the absence of counsel, who was then arranging for his release on bail and who had been given no notice that the case would be tried that day; nor is it like *Com. v. O'Keefe*, 298 Pa. 169, 148 A. 73, where the defendant was arrested at 11 o'clock A.M. of December 21, 1928, indicted before noon and tried at 4 o'clock P.M. of the same day. It is more nearly similar to *Com. ex rel. Hullig v. Ashe*, 145 Pa. Superior Ct. 11, 20 A. 2d 852; and *Com. v. Crandall*, 145 Pa. Superior Ct. 353, 21 A. 2d 232.

2. He avers that his conviction was invalid because he was not present in court when the verdict was received—although his counsel was present.

It is well settled that in capital cases the defendant must be present in court at every stage of the proceeding and trial, including the rendering of the verdict. And in *Prine v. The Commonwealth*, 18 Pa. 103, a conviction for burglary and larceny was reversed and the prisoners ordered held to answer a new indictment, because the verdict had been received in the absence of the defendants. But it appeared from the *record* in that case that the defendants were not present when the verdict was rendered. Chief Justice GIBSON, who wrote the opinion in that case, laid special emphasis

on the proposition that it would be error to *try* a person for felony in his absence, even with his consent. "No precedent can be found in which his presence is not a postulate of every part of the record. He is arraigned at the bar; he pleads in person at the bar; and if he is convicted, he is asked at the bar what he has to say why judgment shall not · be pronounced against him". All these things were done in this case.

But in *Holmes v. Com.*, 25 Pa. 221, 224, a conviction for being accessory to a burglary, it was held that it was not necessary that it should appear affirmatively on the record that the prisoner was present in court *when the verdict was rendered.* See, also, *Lynch v. Com.*, 88 Pa. 189, 194, (AGNEW, C. J.) in which a verdict of guilty of larceny was received in the absence of a defendant who was out of the court house on bail; *Com. v. Craig,* 19 Pa. Superior Ct. 81, 98, (RICE, P. J.) : *Com. v. Kintz,* 79 Pa. Superior Ct. 433, (LINN, J.).

But, in any event, if it was erroneous, it had to be raised by appeal, in the nature of a writ of error, and is not such a basic and fundamental error as to require his discharge on habeas corpus. *Halderman's Petition,* 276 Pa. 1, 3, 4, 119 A. 735.

3. He avers generally that the circumstances were such as to prevent him from filing a motion for new trial. But the record does not support his averment. The fact that his attorney did not move for a new trial, although present when the verdict was rendered and that he, the relator, did not appeal from the sentence, which was imposed ten days after the rendition of the verdict, leads to .the inference that the evidence warranted the verdict.

A writ of habeas corpus is not a substitute for an appeal, and cannot be used, after the time for taking an appeal from the conviction and sentence has expired, in order to correct alleged errors occurring in the course of the trial: *Halderman's Petition,* 276 Pa. 1, 119 A.

735; *Com. ex rel. Penland v. Ashe,* 341 Pa. 337, 340, 19 A. 2d 464; *Com. ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 115 A. 130.

The rule to show cause is discharged and the petition is refused.