Commonwealth ex rel. Milewski *v.* Ashe, Warden.

Argued September 26, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Michael von Moschzisker,* with him *McBride, Lipschitz, Woolston, Berger & Bohlen,* for relator.

*Thomas J. Kalman*, Assistant District Attorney, with him *Fred L. Brothers*, District Attorney, for Commonwealth.

PER CURIAM, November 15, 1949:

On September 7, 1948, this Court granted a rule to show cause why writ of habeas corpus should not issue on the petition of relator. On September 29, 1948, the rule to show cause was discharged and the writ of habeas corpus was refused. Relator was allowed to appeal to the Supreme Court of Pennsylvania which Court reversed the order of this Court and remitted the record with directions (*Com. ex rel. Milewski v. Ashe*, 362 Pa. 48, 66 A. 2d 281). On June 1, 1949, this Court, in pursuance of the mandate of the Supreme Court, ordered that the record be remitted to the Court of Oyer and Terminer of Fayette County, and that that court afford relator an opportunity to support by competent testimony the allegations of his petition for writ of habeas corpus, and that the complete record should then be returned to this Court. On June 27, 1949, in the Court of Oyer and Terminer of Fayette County, a hearing was conducted before the Honorable H. VANCE COTTOM at which relator appeared with counsel appointed by the Supreme Court. Upon return of the record to this Court, the matter was listed for argument. Counsel for relator and the Assistant District Attorney of Fayette County appeared at the oral argument.

Relator in this habeas corpus proceeding had been convicted on two separate occasions. In May, 1940, he was convicted in the Court of Quarter Sessions of Erie County, as of No. 11, May Sessions, 1940, of robbery, and was sentenced to serve a term of not less than four years nor more than eight years, in the Western State Penitentiary, effective from March 9, 1940. On May 9, 1945, he was released on parole after serving five years and two months of his sentence. While on parole he com-

mitted a new offense and was convicted in the Court of Oyer and Terminer of Fayette County as of No. 32/180, September Sessions, 1946, of assault and battery with intent to rob, and was sentenced on October 1, 1946, to a term of not less than four years nor more than eight years in the Western State Penitentiary. He was returned to the penitentiary on October 2, 1946.

Relator in his petition for writ of habeas corpus asserted that his conviction and his commitment by the Court of Oyer and Terminer of Fayette County were erroneous, defective, and illegal for the following reasons: (1) That "he was not permitted to attend his own trial from beginning to end"; (2) that "he was deprived of a full and fair trial as guaranteed to every individual"; (3) that "he was deprived of his right to file [a motion for new trial] by reason of fact that he had no knowledge of the jury's verdict until after the time to file a motion had elapsed"; (4) that "he was deprived of his right to have the jury polled, by reason of fact that the verdict had been recorded and the jury had been dismissed long before he had any knowledge of the fact that the jury had reached or rendered a verdict"; (5) that "the court lost its power to impose sentence on October 1, 1946, since no order was made . . . deferring or suspending sentence in the September term of court."

Relator now contends that he should be discharged from further confinement, he having supported by competent testimony the material allegations of his petition for a writ of habeas corpus.

The records do not affirmatively show that relator was present at the time the jury returned its verdict of guilty on September 13, 1946. Relator was represented throughout his trial by his attorney, Honorable Anthony J. Cavalcante, and also at the time of his sentence on October 1, 1946.

The testimony taken at the hearing on June 27, 1949, indicates that the jury had left the court room to deliberate at about 4 o'clock on the afternoon of September 13, 1946, at the conclusion of relator's trial, and that they returned between five and six o'clock that evening. We think the testimony establishes that relator was not present when the jury returned and the verdict was rendered. Neither the Sheriff of Fayette County nor the Warden of the County Jail could recall the circumstances of this case. The jail is connected with the court room, and they described the normal procedure in returning prisoners to and from the county jail during trial. Judge Cottom who presided at relator's trial had no recollection of the case beyond the fact that the trial was recessed from one afternoon until the next morning. On the other hand, we are convinced that the testimony establishes the fact that relator had immediate knowledge of the jury's verdict. No action was taken by relator or his counsel prior to sentence on October 1, 1946, and no motion for new trial was ever made or appeal taken from the sentence and judgment.

On October 1, 1946, when sentence was imposed, neither relator nor his counsel called to the court's attention any of the matters of which he now complains, and no action was taken until relator filed with this Court his petition for writ of habeas corpus on the fourth day of September, 1948. Relator, at the hearing before Judge Cottom, on June 27, 1949, testified: "Q. On October 1st, 1946, the day of the sentence—was he [referring to Mr. Cavalcante] here? A. Yes. Q. Did he stand back of this bench before his Honor at the time you were sentenced? A. Yes, sir. And Judge Cottom was in the Bench. . . . Q. And when you saw Mr. Cavalcante on sentence day—did you talk to him at that time about a new trial? A. I figured it best not to complain. It seemed things weren't going right at the time and I

just let things rest. . . . Q. And at the time you were brought up for sentence, October 1st, 1946, did you raise any objection about any proceeding that wasn't brought —. A. (Interposing) I was sort of thinking about it. Q. Did you or did you not raise any objection? A. No, I didn't. Q. No objection was made in front of the Court? A. Not in front of the Court—no, sir. Q. And did you ask [your] attorney to raise any objection—? A. (Interposing) I couldn't get hold of my attorney. Q. You were standing right with him at the Bench, were you not? A. (No response). Q. That was October 1st? A. Yes. Q. And did you—. A. (Interposing) Well, October 1st, I figured things weren't going right and the idea was I was in jail then and I thought I would leave 'well enough alone' and go into the matter some other time."

In capital cases it is unquestionably reversible error for the court to receive the verdict of the jury without the defendant's being present. *Dunn v. Com.*, 6 Pa. 384; *Dougherty v. Com.*, 69 Pa. 286; *Com. v. Gabor*, 209 Pa. 201, 58 A. 278. Cf. *Com. v. Johnson*, 348 Pa. 349, 35 A. 2d 312. This is not equally true in non-capital cases.

*Dunn v. Com.*, 6 Pa. 384 (a capital case), and *Prine v. Com.*, 18 Pa. 103 (a non-capital case), established the rule that a conviction for any felony will be reversed where the prisoner was not present in court at the rendition of the verdict. In the *Prine* case defendants were convicted of burglary and larceny, and the records show that they were not present when the jury returned its verdict. The presence of the prisoners in court was waived by their counsel. The Supreme Court reversed the conviction and directed a new trial. In an opinion by Mr. Chief Justice GIBSON, the Court said: "Never has there heretofore been a prisoner tried for felony in his absence. No precedent can be found in which his presence is not a postulate of every part of the record."

In *Com. ex rel. Aldrich v. Ashe,* 149 Pa. Superior Ct. 25, 27, 26 A. 2d 211, 212,[1] in an opinion by President Judge KELLER, this Court said : "It is well settled that in capital cases the defendant must be present in court at every stage of the proceeding and trial, including the rendering of the verdict. And in Prine v. The Commonwealth, 18 Pa. 103, a conviction for burglary and larceny was reversed and the prisoners ordered held to answer a new indictment, because the verdict had been received in the absence of the defendants. But it appeared from the record in that case that the defendants were not present when the verdict was rendered. Chief Justice GIBSON, who wrote the opinion in that case, laid special emphasis on the proposition that it would be error to try a person for felony in his absence, even with his consent."

But in *Holmes v. Com.,* 25 Pa. 221, involving a charge of burglary, the Supreme Court refused to reverse the conviction because, in felonies not capital, it was not necessary that it should appear affirmatively on the record that the prisoner was present when the verdict was rendered, and that, unless the contrary appears, the court will presume that the proceeding was regular and lawful.

On the other hand, in capital cases, the presence of defendant at the rendition of the verdict must affirmatively appear on the record if the conviction is to be sustained. *Dunn v. Com.,* supra, 6 Pa. 384; *Dougherty v. Com.,* supra, 69 Pa. 286; *Com. v. Johnson,* supra, 348 Pa. 349, 35 A. 2d 312.

---

[1] In the *Aldrich* case (149 Pa. Superior Ct. 25, 26 A. 2d 211), this Court held that if it was error to receive a verdict of guilty of "robbery while armed with a loaded revolver" while defendant was not present in court, it should have been raised by appeal, in the nature of a writ of error, and was not such a basic and fundamental error as to require defendant's discharge on habeas corpus. See, also, *Halderman's Petition,* 276 Pa. 1, 3, 4, 119 A. 735; *Com. v. Davis,* 17 Pa. D. & C. 488; *Com. v. Cunningham,* 33 Pa. D. & C. 394.

It is argued on behalf of relator that jurisdiction is lost and due process violated if the verdict is rendered in the absence of the prisoner.[2] In its opinion in the present case, the Supreme Court said: "A prisoner on trial for a felony has an inherent and inalienable right to be present at the rendition of the verdict against him: GIBSON, C. J., in Prine v. Commonwealth, 18 Pa. 103": *Com. ex rel. Milewski v. Ashe*, supra, 362 Pa. 48, 51, 66 A. 2d 281, 283. The *Prine* case is authority for the statement that such absence of the prisoner is fatal, even if it occurred with his consent. But later authorities are to the contrary; and the absence of a defendant at the rendition of the verdict does not ipso facto entitle him to a discharge or a new trial. In *Lynch v. Com.*, 88 Pa. 189, defendant had been indicted and tried for larceny, a felony. While the jury was deliberating, the defendant, who was out on bail, left the court room. The verdict of guilty was received and recorded while defendant was absent, a fact which appeared on the record. Nevertheless, a motion in arrest of judgment based upon this alleged error was overruled by the trial court, and this action was sustained by the Supreme Court in an opinion by Mr. Chief Justice AGNEW, wherein he sought to demonstrate that, when Mr. Chief Justice GIBSON used the term "felony" in the *Prine* case, he meant to refer to crimes which were at one time capital offenses, and that larceny never had been a capital offense. Following *Lynch v. Com.*, supra, 88 Pa. 189, wherein it was also said that one voluntarily "absent waives his privilege," convictions have been sustained in non-capital cases notwithstanding the absence of the defendant at the rendition of the verdict. *Com. v. Craig*, 19 Pa. Superior Ct. 81; *Com. v. Kintz*, 79 Pa. Superior Ct. 433; *Com. ex rel.*

[2] Argument based upon the alleged violation of the due process clause of the 14th amendment to the Constitution of the United States, and sections 6 and 9 of Article I of the Constitution of the Commonwealth of Pennsylvania.

*Aldrich v. Ashe,* supra, 149 Pa. Superior Ct. 25, 26 A. 2d 211. Unquestionably, rights secured to persons accused of crime may be waived by them by their voluntary conduct even though constitutional privileges are involved. The Supreme Court of the United States, in *Diaz v. United States,* 223 U. S. 442, 455, 56 L. Ed. 500, 505, has made this distinction: "In cases of felony our courts, with substantial accord, have regarded it as extending to every stage of the trial, inclusive of the empaneling of the jury and the reception of the verdict, and as being scarcely less important to the accused than the right of trial itself. And with like accord they have regarded an accused who is in custody and one who is charged with a capital offense as incapable of waiving the right; . . . But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this . . . operates as a waiver of his right to be present, . . ."

Obviously, the right is not deemed so essential that it may not be waived by the accused if he chooses to do so.[3] We are of the opinion that the asserted deprivation of the right to be present at the rendition of the verdict in relator's case should be tested by an appraisal of the totality of the facts. *Betts v. Brady,* 316 U. S. 455, 462, 62 S. Ct. 1252, 86 L. Ed. 1595.

Upon the facts developed at the special hearing in this case, relator had actual knowledge of the verdict of the jury on the day it was rendered, September 13, 1946. He had counsel throughout his trial, and this counsel appeared with him before the Court of Oyer and Terminer of Fayette County on October 1, 1946, when sentence was imposed. Relator had ample opportunity to ask for a new trial, or to make a timely objection to the alleged violation of any right or to any error in his

---

[3] See *United States v. Sorrentino,* 3 Cir., 175 F. 2d 721.

trial and conviction.[4] At least, the trial court should have had the opportunity to act. But with full knowledge of the facts upon which he now seeks his discharge he and his counsel appeared before Judge COTTOM for imposition of sentence. His reason for remaining silent was that he would "go into the matter some other time." It is clear from his testimony that relator intentionally refrained from disclosing to the court at any time facts upon which he proposed to rely subsequently to defeat the penalty to be imposed for the crime for which he had been duly convicted by a jury. "Surely the interests of justice cannot be so trifled with": *Lynch v. Com.,* supra, 88 Pa. 189, 194. The concept of due process is not without some reasonable limitation.

Relator's last averment that the court below had lost its power to impose sentence on October 1, 1946, is without merit. The sentence was imposed within the term.

Relator's petition for writ of habeas corpus is refused.

The question involved is so "important as to make it expedient that the case should be decided by the Supreme Court," and, accordingly, this case is certified to the Supreme Court in conformity with the Act of June 24, 1895, P. L. 212, §10, 17 PS §197.

---

[4] Cf. *Alpha Club of West Philadelphia v. Pennsylvania Liquor Control Board,* 363 Pa. 53, 58, 68 A. 2d 730.