## Commonwealth ex rel. Milewski, Appellant, *v.* Ashe, Warden.

Argued January 3, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Michael von Moschzisker,* for appellant.

*Thomas J. Kalman,* Assistant District Attorney, with him *Fred L. Brothers,* District Attorney, for Commonwealth.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 16, 1950:

Relator filed a petition in the Superior Court for a Writ of Habeas Corpus. On September 29th, 1948, the Writ was refused and an appeal was allowed to this Court and we reversed the order of the Superior Court, with directions to remit the record to the Court of Oyer and Terminer of Fayette County with directions to that court to afford the relator an opportunity to support by competent testimony the material allegations of his petition, the complete record then to be "returned to the Superior Court for appropriate action on the petition for the writ". This order was carried out.

The Superior Court in an opinion filed November 15, 1949, said, inter alia: "Relator's petition for writ of

habeas corpus is refused. The question involved is so 'important as to make it expedient that the case should be decided by the Supreme Court,' and, accordingly, this case is certified to the Supreme Court in conformity with the Act of June 24, 1895, P. L. 212, §10, 17 PS §197."

The basic allegation of the petition for the writ was that the relator was *not* in court when the jury convicted him of assault and battery with intent to rob. He was sentenced to a term of not less than four years nor more than eight years in the Western State Penitentiary. He committed this felony (Act of June 24, 1939, P. L. 872, 18 PS 4704) while he was on parole from a sentence which he was serving for robbery.

The testimony taken in the Court of Oyer and Terminer of Fayette County established the fact that when the jury returned a verdict of guilty the defendant was not present in the courtroom, but was in jail. The relator had immediate knowledge of the jury's verdict but no action was taken by the relator or his counsel in respect thereto. No motion was made for a new trial and no appeal was taken from the judgment in sentence.

The Superior Court in its opinion said: "In capital cases it is unquestionably reversible error for the court to receive the verdict of the jury without the defendant being present. Dunn v. Com., 6 Pa. 384; Dougherty v. Com., 69 Pa. 286; Com. v. Gabor, 209 Pa. 201, 58 A. 278. Cf. Com. v. Johnson, 348 Pa. 349, 35 A. 2d 312. This is not equally true in non-capital cases." The Superior Court referred to *Dunn v. Com.*, 6 Pa. 384 (a capital case) and *Prine v. Com.*, 18 Pa. 103 (a non-capital case) both of which lay down the rule that a conviction for any felony will be reversed where the prisoner was not present in court at the rendition of the verdict. The Superior Court also referred to the case of *Com. ex rel. Aldrich v. Ashe,* 149 Pa. Superior Ct. 25, 27, 26 A. 2d 211, 212. In that case the defendant had been convicted

of armed robbery. He averred that he was not present when the jury brought in the verdict. The Superior Court said: "It is well settled that in capital cases the defendant must be present in court at every stage of the proceeding and trial, including the rendering of the verdict. . . . But the record does not support his averment. The fact that his attorney did not move for a new trial, although present when the verdict was rendered and that he, the relator, did not appeal from the sentence, which was imposed ten days after the rendition of the verdict, leads to the inference that the evidence warranted the verdict." It was held in the *Aldrich* case that the error should have been raised by appeal, in the nature of a writ of error, and was not such a basic and fundamental error as to require defendant's discharge on habeas corpus.

In *Holmes v. The Commonwealth*, 25 Pa. 221, referred to by the Superior Court, the indictment charged Holmes with being an accessory before and after the fact of burglary and with receiving stolen goods knowing them to have been stolen. The Supreme Court in an opinion by Justice KNOX said: "The fourth assignment is that 'it does not appear from the record that the prisoner was present at the rendition of the verdict.' Had this conviction been for murder, the record would not have supported it, for it does not affirmatively appear that the prisoner was present when the verdict was rendered. In felonies not capital it is allowable to presume that everything was rightly done until the contrary appears: Prine v. The Commonwealth, 6 Harris 103. Here the record neither avers the presence of the prisoner when the verdict was rendered, nor does it show that he was not present. As the felony was not capital, we may presume that the proceedings was regular and lawful."

In the *Prine* case above cited, the conviction was for burglary and larceny. The record shows that when the

jury returned its verdict of guilty the defendants' counsel waived the presence of the prisoners and had the jury polled. The prisoners were later sentenced. In that case the Supreme Court, speaking through Chief Justice GIBSON said : "It is undoubtedly error to try a person for felony in his absence, even with his consent. It would be contrary to the dictates of humanity to let him waive the advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defense with indulgence. Never has there heretofore been a prisoner tried for felony in his absence. No precedent can be found in which his presence is not a postulate of every part of the record. He is arraigned at the bar; he pleads in person at the bar; and if he is convicted, he is asked at the bar what he has to say why judgment shall not be pronounced against him. These things are matter of substance, and not peculiar to trials for murder : they belong to every trial for felony at the common law, because the mitigation of the punishment does not change the character of the crime. . . . In a conviction of murder, we have required the substantive parts of a proper record to be set out so clearly as to be separable from the dross with which it is usually blended. This was in *favorem vitæ*. In other felonies, it is allowable to presume that everything was rightly done till the contrary appear; but when it is stated on the record positively that the prisoner was not present, we cannot shut our eyes to the fact. What authority had the prisoner's counsel in this instance, on the pretext of convenience, to waive their presence? In a criminal case, there is no warrant of attorney, actual or potential; for when a prisoner binds himself by an agreement which he is competent to make, it is entered on the record as his immediate act; and this is a sufficient reason why he should be in Court to do those things which his counsel could not do for him. It is unnecessary, however, to speak

of delegated authority; for the right of a prisoner to be present at his trial is inherent and inalienable. The record before us, therefore, is erroneous; but we direct that the prisoners be held to answer a fresh indictment."

There is nothing to justify the departure from the rule so clearly laid down by Chief Justice GIBSON in the case just cited. It is fundamental in Anglo-Saxon jurisprudence that the defendant charged with a felony shall be permitted to be present at every stage of the trial. Certainly the rendition of the verdict is one of the most important stages of the trial. The words "Prisoner look upon the jurors; jurors look upon the prisoner" is of great significance.[1] Not only has the prisoner the right to have a polling of the jury but his very presence may move some of the jury to have compassion on him and when polled some may say "not guilty". In our examination of this question we have not found a single jurisdiction in which the absence of a defendant in a felony case from the courtroom at the time the jury renders its verdict (unless the defendant is out on bail) is not a fatal error. If he is out on bail and is not present when the verdict is rendered it is taken for granted that he has waived his right to be present. In *Diaz v. United States*, 223 U. S. 442, the United States Supreme Court quoted with approval the following from the case of *Barton v. State,* 67 Georgia 653: "It is the right of the defendant in cases of felony . . . to be present at all stages of the trial—especially at the rendition of the verdict, and if he be in such custody and confinement . . . as not to be present unless sent for and relieved by the court, the reception of the verdict during such compulsory absence is so illegal as to necessitate the setting it aside. . . . The principle thus ruled is good

---

[1] "A Privy Verdict cannot be given in a case of felony, because the jury are directed and ought in such cases to look upon the prisoner when they give their verdict." 5 Bac. Abr. (5th Ed.) 283.

sense and sound law; because he cannot exercise the right to be present at the rendition of the verdict when in jail, unless the officer of the court brings him into the court by its order. But the case is quite different when, after being present through the progress of the trial and up to the dismissal of the jury to their room, he voluntarily absents himself from the court room where he and his bail obligated themselves that he should be. . . ."

We believe that in every state where the question has been raised, it has been adjudged that the defendant in a felony case has a right to be present when the verdict is received. It has been so held in at least 36 states. See, inter alia: *Gore v. Arkansas,* 5 L. R. A. 832; *People v. Perkins* (N. Y.), 1 Wend. 91; *Sargent v. State,* 11 Ohio 472; *Com. v. McCarthy,* 163 Mass. 458; *Jackson v. Com.,* 60 Va. 656, 19 Gratt. 656; *McQuillen v. State,* 16 Miss. 587, 8 Smedes & M 587; *Brown v. State,* 24 Ark. 620; *Osborn v. State,* 24 Ark. 620; *Osborn v. State,* 24 Ark. 629; *Holton v. State,* 2 Fla. 476; *Gladden v. State,* 12 Fla. 562; *Rutherford v. Com.,* 78 Ky. 639. This right extends to all steps taken in the cause from the finding of the indictment up to and including the rendering of the verdict. 1 Bish. Cr. Proc. (2nd Ed.) §272; *Maurer v. People,* 43 N. Y. 1; *Wheeler v. State,* 14 Ind. 573; *Jones v. State,* 26 Ohio St. 208; *Clark v. State,* 4 Humph. (Tenn.) 254; *Long v. State,* 52 Miss.. 23.

In *People v. LaBarbera,* 274 N. Y. 339, the New York Court of Appeals said: "The requirement of section 356, that the defendant be present in person during a trial for a felony, is of ancient origin.[2] Its origin is to be

---

[2] It goes back even beyond the common law. Mendelsohn in his book "The Criminal Jurisprudence of the Ancient Hebrews", says in section 111: "When the verdict is arrived at, the accused is brought before the bar, and the chief of the court declares it. If that verdict is in the prisoner's favor, acquitting him of the charge, he is at once liberated; if, on the contrary, he is found guilty, then he is straightway led forth to execution."

found in the necessity for the presence of the defendant when criminal guilt was determined by ordeal or by battle. . . . When these methods of trial were abandoned, the presence of the defendant was still necessary. Until comparatively recent times, a defendant in a criminal suit was not allowed to be represented by counsel. (3 Blackstone's Commentaries, p. 25; Powell v. Alabama, 287 U. S. 45, 60.) Although the defendant now is entitled to be represented by counsel, the requirement that the defendant must be present has persisted and is to be found in the statutes or Constitutions of many of the States.[3] In capital cases it is held that even though the defendant has waived his right to be present, a verdict rendered in his absence, or after a trial from which he has been absent, is defective and the conviction must be reversed." (Citing two United States Supreme Court cases and two State Court cases.)

In *Hinman v. People,* 13 Hun. 266, 268, the Court of Appeals of New York said: "Receiving the verdict was one, if not the most important of the proceedings during the trial. It must be received by the court before which the trial was had, and if not the verdict is a nullity, . . ."

In *Temple v. Commonwealth,* 77 Ky. 769, 771, the Supreme Court of Kentucky said: "The presence of the accused is not a mere form. It is of the very essence of a criminal trial not only that the accused shall be brought face to face with the witnesses against him, but also

---

[3] Justice PECORA of the New York Supreme Court said in a letter dated December 7, 1949, addressed to the writer of this opinion: "It is our practice to have the defendant present at all stages of the trial of a felony case including at the time of the rendition of the verdict. I know of no reported decision in our State as to the effect of a waiver of the right in other than capital cases." The same practice prevails in Maine, Vermont, Massachusetts, Virginia, Ohio, Minn., Illinois, and apparently in all other states.

with his triers. . . . And at no time in the whole course of the trial is this right more valuable than at the final step when the jury are to pronounce that decision which is to restore him to the liberty of a citizen, or to consign him to the scaffold or to a felon's cell in the state prison."

Rule 2:10-2 of the Supreme Court of New Jersey declares that: "The defendant shall be present at the arraignment, at the pretrial conference if any, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided [4] by these rules. In prosecutions for offenses not punishable by death the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

This Court has consistently maintained the principle emphatically enunciated by Chief Justice GIBSON in the *Prine* case, supra, and no warrant can be found in any of our decisions for holding that the rights of a defendant in a felony case are not violated if an opportunity to be present at the rendition of the verdict is denied him.[5]

---

[4] The rules do *not* "otherwise provide."

[5] The Superior Court in its opinion quotes from the opinion in *Lynch v. Com.*, 88 Pa. 189, dictum to the effect that when Chief Justice GIBSON used the term felony in the *Prine* case, he referred to felonies that were at one time in this Commonwealth capital offenses and since larceny was never a capital offense in Pennsylvania, the requirement that the defendant be present when the verdict is rendered does not apply to a trial for larceny. In the *Lynch* case Chief Justice AGNEW showed the true basis for the decision when he said: "In whatever way we view the case, voluntary absence when the verdict is received is an error of which he [defendant] cannot complain." In that case the defendant was not in custody. In *Commonwealth v. Kintz*, 79 Pa. Superior Ct. 433 (referred to in the Superior Court's opinion), the defendant who was absent when the verdict was returned was being tried merely for a misdemeanor and he was out on bail. His absence from the courtroom was therefore voluntary.

Our conclusions are:

1. That in cases of felonies a defendant not at liberty on bail must be brought into court when a verdict in his case is returned by the jury.[6]

2. That if such a defendant is not in custody his absence from the courtroom when the verdict is announced may be construed as a voluntary waiver on his part of his right to be present, but even when a defendant in a felony case is at liberty he and his counsel should be given reasonable notice, if it is practicable so to do, that the jury is about to return its verdict.

3. In *capital* cases a defendant cannot be permitted, either by himself or by his counsel, to waive his right to be present when the verdict is returned by the jury. In *non*-capital cases a defendant *can* waive this right.

4. In misdemeanor cases the presence of a defendant when the verdict is returned is not required, although even in such cases the better practice is to afford a defendant an opportunity to be present.

The judgment denying the defendant a writ of habeas corpus is reversed; the verdict of guilty against the defendant is set aside; the sentence is vacated, and it is ordered that the defendant be retried on the indictment. If he can furnish bail he shall be released pending his trial upon the entry of bail by him in a sum fixed by the Court of Oyer and Terminer of Fayette County.

---

[6] *Diaz v. United States*, 223 U. S. 442, 455; *Hopt v. Utah*, 110 U. S. 574, 579; *Lewis v. United States*, 146 U. S. 370; *Rex v. Streek*, 2 Car & P. 413.