Commonwealth ex rel. Howard, Appellant, *v.* Claudy.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Gustav W. Wilde,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 20, 1953:

Relator, James Colburne Howard,[1] has appealed from the dismissal of his petition for writ of habeas corpus by the Court of Common Pleas of Allegheny County.

On April 3, 1929, relator entered pleas of guilty in the Court of Oyer and Terminer of Beaver County to two bills of indictment—No. 4, June Term, 1929, charging armed robbery, and No. 10, June Term, 1929, charging felonious assault and battery. On the same day he was sentenced to the Western State Penitentiary on bill No. 4 for a term of not less than five years nor more than ten years, and on bill No. 10 for a term of not less than three and a half years nor more than seven years. It was directed that the sentences be served concurrently.

On April 20, 1929, within the term, relator was brought before the court and the sentences were modified to the extent that they be served consecutively, the sentence imposed on bill No. 10 to be served after expiration of the sentence imposed on bill No. 4. See *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 217, 82 A. 2d 244.

On March 16, 1938, relator was paroled on the first sentence (bill No. 4), effective April 2, 1938, and the

---

[1] Relator was also known as Philip Joseph Howell.

minimum of the sentence imposed on bill No. 10 was commuted from three and one-half years to one day, expiring April 3, 1938. He was then released on parole.

On February 8, 1939, relator, together with two other individuals, was indicted for armed robbery at No. 77, February Sessions, 1939, and listed for trial in the Court of Oyer and Terminer of Allegheny County. He was thereafter extradited from Maryland to answer this charge. On June 5, 1939, after his return to this Commonwealth, he was indicted on a charge of felonious assault and battery at No. 24, June Sessions, 1939. He was tried subsequently and convicted on both indictments. On June 23, 1939, he was sentenced to the Western State Penitentiary for a term of not less than three and one-half years nor more than seven years on bill No. 24, which sentence was to begin to be served at the expiration of the remainder of the original sentences imposed by the Court of Oyer and Terminer of Beaver County. See *Com. ex rel. Carmelo v. Burke*, 168 Pa. Superior Ct. 109, 78 A. 2d 20. On bill No. 77 he was sentenced to the same institution for a term of not less than five years nor more than ten years, beginning at expiration of the sentence imposed on bill No. 24.

In accordance with the Act of June 25, 1937, P. L. 2093, 19 PS §897, the sentences imposed by the Court of Oyer and Terminer of Allegheny County on bills No. 24, June Sessions, 1939, and No. 77, February Sessions, 1939, were compiled and entered as eight and one-half years to seventeen years by the officials of the Western State Penitentiary. It appears that on May 21, 1946, relator completed service of the maximum terms under bills Nos. 4 and 10, June Term, 1929, in the Court of Oyer and Terminer of Beaver County, and began service of the sentences imposed on June

23, 1939, by the Court of Oyer and Terminer of Allegheny County.

Relator presented a petition for a writ of habeas corpus in the Court of Common Pleas of Allegheny County on September 20, 1951. Answers were filed. An extensive hearing was held before President Judge McNaugher on October 29, 1951. Relator appeared with counsel and testified. His petition was dismissed.

In his petition relator claims that there were errors and irregularities committed in the proceedings in the courts of both Beaver County and Allegheny County. As there is no merit to any of relator's contentions regarding the validity of the sentences imposed by the Court of Oyer and Terminer of Beaver County, it is unnecessary to determine whether, on appeal from the order of the Court of Common Pleas of Allegheny County, this Court has jurisdiction to consider those sentences. See Act of May 25, 1951, P. L. 415, 12 PS §1901 et seq.

Likewise, with one exception, the conduct of relator's trial in the Court of Oyer and Terminer of Allegheny County affords no basis for a writ of habeas corpus. Many of relator's complaints pertain to alleged errors and irregularities attendant upon the preliminary proceedings and the trial, which might have been raised by a motion for new trial or on appeal but which may not be considered in a habeas corpus proceeding. As our courts have so often stated, habeas corpus may not be employed as a substitute for an appeal. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593.

There were averments in relator's petition that he was illegally extradited from Maryland, and that after being extradited to be tried on one indictment charging robbery, No. 77, February Sessions, 1939, Allegheny County, he was thereafter indicted upon an-

other charge—felonious assault and battery, No. 24, June Sessions, 1939, Allegheny County. In *Com. ex rel. Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 7, 89 A. 2d 899, 902, we said: "The manner of his [relator's] return to Pennsylvania would not establish 'probable cause to be delivered' from his present detention. Obviously the means employed to return him to this state did not relate to the restraint from which he seeks to be delivered, and consequently his return to this state, even if unlawful, would not make his present imprisonment illegal or in violation of due process." See, also, *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 91 A. 2d 385. Extradition does not create immunity. Section 25 of the Act of April 21, 1927, P. L. 327, 19 PS §164, provided: "After a person has been brought back to this State upon extradition proceedings, he may be tried in this State for other crimes, which he may be charged with having committed here, as well as that specified in the requisition for his extradition." The present Act is to the same effect. Act of July 8, 1941, P. L. 288, §28, 19 PS §191.28.

Equally without merit is relator's contention that it was not proper to try him on two indictments (bills Nos. 77 and 24) at the same time. Such an objection cannot be raised on habeas corpus. *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 446, 71 A. 2d 799. We might note, however, that the consolidation of indictments for the purpose of trial is largely a matter in the discretion of the trial judge, and, where the indictments are closely related, the trial court's exercise of discretion will not be reversed unless it is clearly shown that the defendant has been prejudiced thereby. *Com. v. Mulroy,* 154 Pa. Superior Ct. 410, 36 A. 2d 337; *Com. v. McCord,* 116 Pa. Superior Ct. 480, 485, 486, 176 A. 834; *Com. v. Danaleczk,* 85 Pa. Superior Ct. 253.

Relator's contention that the charge of felonious assault and battery, for which he was indicted at No. 24, June Sessions, 1939, Allegheny County, constituted a component part of the robbery, for which he was indicted at No. 77, February Sessions, 1939, Allegheny County, was not established at the hearing. The victim of the assault was a person other than the victims of the robbery. There was no merger.

Relator alleged in his petition that he was not present in court when the jury was impaneled and when the jury returned the verdict. In answer thereto the district attorney relied on the minutes of the Court of Oyer and Terminer of Allegheny County at No. 77, February Sessions, 1939, to refute relator's averments. At the hearing on his petition relator testified that he was not present in court on either occasion. The minute book of the Court of Oyer and Terminer of Allegheny County shows that relator was present when the jury was called on June 22, 1939; there was no basis established for contradicting the record, and relator was bound thereby. *Com. ex rel. Spencer v. Ashe,* supra, 364 Pa. 442, 444, 71 A. 2d 799; *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769. But it does not affirmatively appear from the minutes that relator was present when the jury returned its verdict on June 23, 1939. In *Com. ex rel. Milewski v. Ashe,* 363 Pa. 596, 605, 70 A. 2d 625, where this Court was reversed in a habeas corpus proceeding,[2] it was held that in cases of felonies a defendant not at liberty on bail must be brought into court when a verdict in his case is returned by the jury.

The hearing judge relied on the minutes of the Court of Oyer and Terminer for direct proof that relator was present when the verdict was returned. Un-

---

[2] *Com. ex rel. Milewski v. Ashe,* 165 Pa. Superior Ct. 538, 69 A. 2d 448.

der the circumstances we think the issue is undetermined.

In habeas corpus proceedings there is a presumption of the regularity of the judgment of conviction. *Com. ex rel. Kaylor v. Ashe,* supra, 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769. And the credibility of all witnesses, including the relator, is for the hearing judge to determine. *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 91 A. 2d 913; *Com. ex rel. Carlini v. Burke,* 172 Pa. Superior Ct. 116, 92 A. 2d 267. As said in *Archer Estate,* 363 Pa. 534, 536, 70 A. 2d 857, 859: "There is nothing which compels the fact finding body, whether it be judge or jury, to accept as verity uncontradicted testimony. Credibility of witnesses is always for the finders of fact: Nanty-Glo Boro. v. Amer. Surety Co., 309 Pa. 236, 163 A. 523."

The order of the court below is reversed, and the record is remitted for further hearing and determination.