Commonwealth ex rel. Adams v. Banmiller

*Woodie Adams*, p.p., for petitioner.

*Raymond A. Start*, District Attorney, *Ernest L. Green*, Assistant District Attorney, for Commonwealth.

TOAL, J., October 15, 1957.—This proceeding is a petition for writ of habeas corpus by one Woodie Adams who is presently serving a sentence of life imprisonment in the Eastern State Penitentiary. Relator was indicted for murder and a true bill was returned by the grand jury. When arraigned on June 4, 1952, he pleaded not guilty. He was tried before Judge Toal on June 18 and 19, 1952, and the jury convicted him of murder in the first degree and fixed the penalty at life imprisonment. Thereafter on July 3, 1952, relator was sentenced by the court to serve a life sentence in the Eastern State Penitentiary.

Five years later on July 25, 1957, relator presented this petition for writ of habeas corpus praying for his release from prison. On July 25, 1957, this court handed down an order refusing the said petition. Relator thereupon entered an appeal to the Supreme Court of Pennsylvania and in accordance with Supreme Court rule 43, this statement in the form of an opinion of the reasons for the order is now made.

Relator's petition avers that he did not have a fair and impartial trial and that he was sentenced to the penitentiary without due process of law. He sets forth numerous reasons for granting the petition, none of which are sufficient to support granting the writ. However, the court will consider each reason individually and dispose of it.

Relator contends that he was ignorant of his constitutional rights, ignorant about law and did not know how to defend himself and prove his innocence. The record shows that the court on June 2, 1952, more than two weeks before the trial, appointed two competent attorneys of the Delaware County Bar to represent relator, and relator accepted their services. Under the circumstances, ignorance of the law is not such a reason as will support the issuing of a writ of habeas corpus: Commonwealth ex rel. Cobb v. Burke, 176 Pa. Superior Ct. 60, 107 A. 2d 207.

Relator contends that his attorneys did not have sufficient time to prepare a defense. The record will show that the defense attorneys were appointed by the court on June 2, 1952. At the time defendant was arraigned, on June 4, 1952, application was made by the defense attorneys for a continuance. It was refused. Before the jury was sworn, defense counsel again moved for a continuance on the ground that they had insufficient time to prepare the case, but again the court refused. At that time they were unable to convince the court that they did not have sufficient time to prepare the case. Counsel had over two weeks to prepare the defense. See Commonwealth ex rel. Hullig v. Ashe, 145 Pa. Superior Ct. 11, 20 A. 2d 852. Furthermore, relator's trial took place more than three months after his commitment to the county jail and he had ample time to employ counsel and prepare a defense: Commonwealth ex rel. Aldrich v. Ashe, 149 Pa. Superior Ct. 25, 26 A. 2d 211.

Relator contends that his attorneys failed to call seven witnesses that he wanted summoned. These witnesses, however, were not named, nor was any statement made as to how said witnesses would prove the innocense of relator. As set forth above, relator's attorneys made motions before the trial for a continuance for more time to prepare the defense, but said

motion was refused. Alleged trial errors, including refusal to postpone the trial to have defense witnesses present, are not the subject of relief in a habeas corpus proceeding: Commonwealth ex rel. DeSimone v. Maroney, 179 Pa. Superior Ct. 300, 116 A. 2d 747.

Relator contends that the police officers, who questioned him after he was apprehended, forced him to sign a confession by brutally beating him. During direct examination relator gave no testimony to the effect that he had been beaten into making a confession. It was only when the trial judge questioned him about the confession that he said he was beaten. The Commonwealth in rebuttal called the police officers who were present at the time defendant alleged he was beaten, and they denied that he was beaten or forced in any way to make the confession. The trial judge in his charge properly instructed the jury that they must decide whether the confession was involuntarily given since the evidence on that point was conflicting: Commonwealth v. Agoston, 364 Pa. 464, 72 A. 2d 575. Since this matter of fact was passed on by the jury at the trial, it cannot be reëxamined by a writ of habeas corpus proceeding: Commonwealth ex rel. Geiger v. Burke, 371 Pa. 230, 89 A. 2d 495.

Relator contends that his attorneys were incompetent and made a scapegoat out of him. The record does not support such a charge. Relator was ably represented by two capable attorneys who cross-examined the Commonwealth's witnesses, examined defendant, made objections on numerous occasions to the Commonwealth's evidence, handed to the court a written demurrer and written points for charge. Their conduct of the case was anything but incompetent and can hardly be placed in the category of representation so lacking in competence that it became the duty of the court or the prosecution to observe it and correct it:

Commonwealth ex rel. Richter v. Burke, 175 Pa. Superior Ct. 255, 103 A. 2d 293.

Relator contends that he was not asked if he had anything to say before he was sentenced. However, the record shows otherwise. On July 3, 1952, before sentence was imposed, the trial judge said: "Do you have anything to say before sentence is imposed upon you, Woodie Adams?" Defendant answered: "No. I thought I was already sentenced.",

Relator contends that a juror was sleeping during the judge's charge. The record shows that counsel for defendant made an objection on the record to the effect that juror no. 3 was dozing during the charge. The trial judge replied that he was looking at the jury when he was charging but did not notice any juror dozing. Counsel for defendant did not make an objection at the time the juror was allegedly dozing, nor did he follow up with any proof that such was the case.

Relator has also advanced a number of contentions aimed to show that the testimony at the trial was false and that the trial judge's charge was prejudicial. He sums it in his petition as follows: "The truth of the matter is every one lied," and the trial judge "sought a victim and not justice". Such matters thus presented are not the subject of consideration in a habeas corpus proceeding: Commonwealth ex rel. Bishop v. Maroney, 382 Pa. 324, 114 A. 2d 906.

In conclusion, it should be pointed out that all of the contentions of relator are matters that should be considered in a motion for a new trial, or an appeal or a writ of error. A writ of habeas corpus is not to be used as a substitute for such proceedings: Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 106 A. 2d 587. After reviewing the complete record, the court is of the opinion that relator had a fair and impartial trial and that there was no violation of fundamental constitutional rights in his arrest, trial, con-

viction and sentence on the crime with which he was charged. There was no denial of due process.

For these reasons, the order of this court dated July 25, 1957, was entered refusing without hearing relator's petition for a writ of habeas corpus.