# Commonwealth *v.* Opolka, Appellant.

*Liquor laws—Selling liquor without a license—Club.*

A steward of a club may be convicted of selling liquor without a license, where it appears that, although there was an organization of the association as a club, its affairs were conducted in a loose

230, (1918).]     Syllabus—Statement of Facts.

haphazard manner; that it had a sideboard, but that no food was served; that so-called members were elected, when some of the members got together and took them in, although there was no meeting of the club; that no detailed accounts were kept of the liquor money, and no accurate information was kept as to the affairs of the club; and that although the membership was confined to adults the testimony of at least two of the witnesses disclosed that they were members before they were of age.

In such a case it is not error to refuse to allow the defendant to prove that the members of the club were quiet and reputable people.

It is also proper in such a case to refuse to charge that a provision in the constitution authorizing the club to furnish liquor to members justified the steward in making sales.

*Jury—Challenge of jurors—Selling liquor without a license.*

On the trial of an indictment against the steward of a club for selling liquor without license, a juror is not disqualified because he states that he does not approve of clubs having sideboards, if he also states that he can render a just and impartial verdict based upon the evidence and the law.

*Evidence—Irrelevant testimony—Contradiction of witness.*

Where a witness called by the defendant on the trial of a misdemeanor testifies as to immaterial matter, the court commits no error in refusing to permit defendant to contradict the witness in regard to such matter.

*Practice, Q. S.—Criminal law—Additional instructions to jury —Absence of defendant.*

Where the court on the trial of a misdemeanor in the absence of the defendant who was under bail and of his counsel, gives additional instructions to the jury, such action of the court cannot be alleged as error, if it appears that such instructions were known to defendant's counsel, and that exception was taken thereto before the verdict was rendered. As the defendant was under bond he should have been in court.

Argued Nov. 15, 1917. Appeal, No. 85, April T., 1918; by defendant, from judgment of Q. S. Venango Co., Aug. T., 1917, No. 20; on verdict of guilty in case of Commonwealth v. Myke Opolka. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for selling liquor without a license. Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently set forth in the opinion of the Superior Court.

*Quincy D. Hastings,* for appellant, cited: Klein v. Livingston Club, 177 Pa. 224; Commonwealth v. Smith, 2 Pa. Superior Ct. 474; Commonwealth v. Krotzer, 51 Pa. Superior Ct. 411.

*Lee A. McCracken,* District Attorney, and *W. M. Parker,* for appellee, cited: Com. v. Holstine, 132 Pa. 357.

OPINION BY TREXLER, J., March 2, 1918:

The defendant was indicted for selling liquor without a license. He and others were members of a club and claimed that the liquors were merely distributed and not sold. This was the principal question submitted to the jury. They brought in a verdict of guilty. The question we think was properly submitted. Was the organization bona fide or was it merely a device to sell liquors without taking out a license? There was no dispute between counsel as to the law applicable to the case. As was said in Klein v. Livingston Club, 177 Pa. 224, quoting from Black on Intoxicating Liquors, Section 142, "If the object of the organization is merely to provide members with a convenient method of obtaining a drink whenever they desire it, or if the form of membership is no more than a pretense, so that any person without discrimination can procure liquor by signing his name in a book, or buying a ticket or a chip, thus ena-

bling the buyer to conduct an illicit traffic, then it falls within the terms of the law. But on the other hand, if the club is organized and conducted in good faith, with a limited and selected membership, really owning its property in common, and formed for social, literary or other purposes, to which the furnishing of liquors to its members would be merely incidental, in the same way to the same extent that the supplying of dinners or daily papers might be, then it cannot be considered as within either the purpose or letter of the law."

We think of necessity the case had to go to the jury. There was evidence of the organization of the club and the adoption of by-laws and the election of members, but the affairs of the organization were conducted in a loose haphazard manner. They had a sideboard "because the boarding missus did not want liquors in the house." There is evidence that so-called members were elected when some of the members got together and took them in although there was no meeting of the club. No detailed accounts were kept of the liquor money and no accurate information was kept as to the affairs of the society. There was testimony that no profit was made on the sale of liquors but the accounts were not produced and apparently none kept. Although the membership was confined to adults the testimony of at least two of the witnesses discloses that they were members before they were of age. No food was served. It was for the jury to decide whether the furnishing of liquors under such circumstances and others appearing in the case was an incident to the club's activities or was the main purpose of its maintenance.

The question remains whether there was any error in the submission of the case. It is claimed that the challenge to certain of the jurors should have been sustained. Their answers disclose that they did not approve of clubs having sideboards. In each case the juror testified that notwithstanding his opinion upon the question of sideboards in clubs, he could render a just and impartial

verdict based upon the evidence and the law.    The stand-
ard of the qualification of a juror is whether he can ren-
der a verdict according to the evidence and in all the as-
signments of error as to the examination of jurors we
find nothing that discloses any disqualification judged
by the above test.

An assignment of error is directed to the refusal of the
court to admit contradiction of the testimony of the
county detective, the prosecutor, who was called for the
defense and testified as to what he did when he made
the arrest.    It is without merit.    It is claimed that what
transpired was part of the res gestæ but upon what
theory we fail to understand.    The charge was not that
the liquor was sold at the time the arrest was made nor
did the Commonwealth rely upon testimony referring to
that particular point of time.    The whole inquiry was
immaterial, and the court was right in refusing to allow
the defendant to pursue it further, and contradict his
own witness in regard to this matter.

Another assignment is directed to the refusal of the
court to allow defendant to prove the character of the
members of the organization, that they were quiet, repu-
table people.    This was properly excluded.    We cannot
see how the testimony as to the character of the members
in block threw any light upon the question whether liq-
uors were sold without a license or not.    There was no
charge of keeping a disorderly house.

After the jury had retired and they had been out for
some hours and were unable to agree, the court called
them back and in open court during the regular session
gave them further instructions.    This was in the absence
of the defendant's counsel and the allegation is also made
that defendant was absent.    The charge was a misde-
meanor.    The additional instructions given by the court
were known to the defendant's counsel and exception
taken thereto before the verdict was rendered.    The de-
fendant was on bail and under his bond should have been

230, (1918).]   Opinion of the Court.

in court.   We see no merit in this contention; no harm was done.   Had the charge been a felony the conclusion might be different: Princ v. The Com., 18 Pa. 103.

The defendant's counsel in the fourth point submitted seems to be under the impression that a provision in the constitution of the club providing for the dispensing of liquor gives some authority for such distribution, and secures to the members a greater right than they would otherwise have.   We think it competent to show that a society is chartered for purposes that include social enjoyment by the members and to argue that the dispensing of liquors is incidental to such purposes.   The point was calculated to mislead the jury in believing that some authority to dispense liquors was inherent in the constitution and by-laws of the society and in view of the full instructions as to the subject in the general charge the court properly refused the point.   The court correctly answered in the negative the question of the jury whether they might punish anybody else in any way by their verdict.   The defendant was the only one on trial. As to the right of the jury to dispose of the costs that subject had been fully treated by the learned trial judge.

All the assignments of error are overruled.   The judgment is affirmed and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.