## Commonwealth v. Davis

*William R. Toal*, assistant district attorney, for Commonwealth.
*William C. Alexander*, for defendant.

BROOMALL, J., December 11, 1931.—Defendant, a colored man, was tried on two separate indictments, with the usual three counts, for rape upon two white girls in Morton, this county, on two different occasions, about two weeks apart. He was very properly convicted by the jury, we think, on one indictment for assault with intent to rape, and on the other indictment for assault with intent to rape and statutory rape. It appears by an oversight the verdict of the jury was taken late in the evening in the absence of defendant and his counsel. Defendant at the time was confined in the county prison.

We now have before us motions for new trials on the sole ground that it was error to take the verdict in the absence of defendant.

We granted a rule to show cause why the record should not be amended to show the absence of defendant at the time the verdict was taken. This rule is made absolute so as to conform with the actual facts: Com. v. Silcox, 161 Pa. 484.

With the record so amended, however, the motions should be in arrest of judgment and not for new trials. We do not countenance this practice, but will, in view of the seriousness of the charge, dispose of the question involved under the law regardless of the motions filed.

Article I, Sec. 6, of the Pennsylvania Constitution of 1874 (PS p. 108) provides that "trial by jury shall be as heretofore," and article one, section nine (PS p. 124), provides that the accused in criminal prosecutions has a right "to meet the witnesses face to face" and to "trial by an impartial jury."

In cases which were at any time capital, the appearance of the accused must appear as a matter of record: Jacobs v. Com., 5 S. & R. 315, 316. This right cannot be waived: Com. v. Silcox, supra. It applies to all stages of the proceedings: Pannell v. Com., 86 Pa. 260. Rape at common law was a capital crime: 4 Blackstone 211.

In all other cases, as distinguished from capital cases, the record need not affirmatively show the presence of the accused, and it will be presumed that the proceedings are regular. His presence will be presumed in burglary: Holmes v. Com., 25 Pa. 221, 224; and in larceny: Jacobs v. Com., supra. The presence of defendant is required for further instructions, and if he is not present the trial will be erroneous: Com. v. House, 6 Pa. Superior Ct. 92. The presence of defendant cannot be waived by his counsel: Prine v. Com., 18 Pa. 103.

If the absence of the defendant be voluntary, as where he is out on bail when the verdict is delivered, he will not be heard to take advantage of his absence: Lynch v. Com., 88 Pa. 189, 194; Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Opolka, 69 Pa. Superior Ct. 230, 234. In the case last cited the court said, referring to Prine v. Com., supra, "had the charge been a felony the conclusion might be different."

The defendant has a right to be present in a felony case when a verdict is rendered so as to have the jury polled if he desires to exercise such privilege: Com. v. Twitchell, 1 Brewster 551; Taylor v. Com., 44 Pa. 131.

In the case of Com. v. Gabel and Gabel, 79 Pa. Superior Ct. 59, 62, quoting President Judge Rice in Com. v. House, 6 Pa. Superior Ct. 92, it is stated: "No Pennsylvania case has held, or, as we firmly believe, ever will hold, that a defendant, whether indicted for a felony or a misdemeanor, can be tried in his absence, unless he has expressly or impliedly waived the right to be present." This proposition cannot be questioned, nor can it be said that the trial is completed until the verdict is rendered. It, therefore, follows that a defendant in any case, whether it be for a felony or a misdemeanor, where he is confined in jail, must be brought into court, if he is returned to the jail during the deliberations of the jury, to hear the verdict of the jury when it is rendered. If a defendant is out on bail in other than a capital case, he may expressly or impliedly waive the right to be present, but in capital cases at common law he must be in court when the verdict of the jury is rendered.

And now, to wit, December 11, 1931, new trials are hereby granted.

MacDade, J., concurring.—I concur in the conclusion but not altogether with the learned judge's reasoning. For instance, I am not agreed that, in all cases

of felony, the defendant must be personally present in court when the verdict of the jury is rendered. However, in the instant case, the defendant was charged with the crime of rape, which is deemed a felony, triable solely in the court of oyer and terminer and no bail has been entered for his appearance. He was, therefore, in the custody of the law and confined in our county jail, where he was when the verdict was thus rendered. Our record (by amendment) shows his absence. This absence was not "voluntary." If he had entered bail and was absent when the verdict was taken in open court, that condition was "'volun-tary" and his presence was not important. Such "voluntary" absence when such verdict was received is not error in our judgment.

We must not overlook in this connection the constant amelioration of the penal code which began in 1786. The last act of severity was that of March 8, 1780, 1 Sm. Laws 498, which took away the benefit of clergy from robbery from the person, whether on or off the highway. Then came the Act of September 15, 1786, which began amelioration by the substitution, for the penalty of death, of imprisonment at hard labor, with forfeiture of estate, real and personal. Since that time a gradual mitigation has taken place in the trial and punishment of offenders, until now the Criminal Code, consisting of the two Acts of March 31, 1860, P. L. 382 and 427, has placed the trial on a more reasonable basis than when they were punished with great severity. Therefore, when we consider, for instance, that larceny has always been a bailable offense, even before a justice of the peace (except in the case of horse stealing), that its trial is put on the same footing with misdemeanors in the quarter sessions and mayor's courts, and that in misdemeanors the defendant may appear and plead by attorney, there is no reason for holding that mere "voluntary" absence at the rendering of the ver-dict, by one out on bail, who is called and does not appear, is a ground for reversing sentence regularly passed. One so absent waives his privilege. What can be done but to call him? Is the jury to be held until he appears, and if so, how long? Not being in custody he cannot be had. If the jury be discharged, what is the legal consequence? Is it a mistrial, or can he plead the discharge in bar? Is his forfeiture of bail a legal substitute for conviction? And if the discharge be no bar, the offense being a bailable one, how will a similar result be prevented at the second or any subsequent trial? Surely the interests of justice cannot be so trifled with: Lynch v. Com., 88 Pa. 189, 194; Prine v. Com., 18 Pa. 103, in which Chief Justice Gibson refers to trial of cases once capital as trials that affect life or limb, when the prisoner must be present when the evidence is given in during the trial and when the verdict is returned; Jacobs v. Com., 5 S. & R. 315.

The fact that a crime is called a felony is of no importance. Felony, as a term, is incapable of any definition, and is descriptive of no offense: Lynch v. Com., 88 Pa. 189, 192; 4 Blackstone Com. 95.

If it were possible, I would not concur at all except as to a capital offense (willful murder), holding, as I believe, that in all cases of felonies, whether bail has been entered or not, the presence of the defendant is not necessary when the verdict is taken, and especially so when bail has been entered by the defend-ant. To sustain generally the proposition that the defendant should be present when the verdict is taken is but to trifle with the interests of justice and to repudiate the dogma of William Penn, who opposed the infliction of capital punishment except in the single instance of willful murder. He loses no valu-able right by his absence, for he may move for a new trial or in arrest of judg-ment, and cannot be sentenced until he appears. His presence, under our rea-soning, is not essential to the regularity of the record.