Commonwealth *v.* Diehl, Appellant.

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, WRIGHT and WOODSIDE, JJ.

*Paul A. McGinley,* for appellant.

*George J. Joseph,* First Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 29, 1953:

This appeal involves seven counts tried jointly by a jury, four of them felonies. The defendant Roscoe Diehl was found guilty. Motions for a new trial were made and dismissed and sentence was imposed. No evidence was produced by the defendant to contravene the facts as introduced by the Commonwealth.

It appears that the defendant had been in a cafe for several hours and there had an altercation, during which several blows were struck. After the fight the defendant was ejected, went to his home several blocks away, returned to the cafe and fired two shots from a high powered rifle through the front window. These shots did not strike anyone. While fleeing from the scene he attacked police attempting to arrest him. The police followed the defendant to his home and finally

on to the roof where there was considerable shooting between the officers and him. During the shooting the defendant shot a neighbor who had directed police officers through his house to the roof. The victim was seriously and permanently injured. After being shot the defendant was apprehended. The defense of the defendant was that he was insane at the time of the commission of these acts and as a consequence did not know the difference between right and wrong.

The defendant contends that the court committed fundamental error in its charge to the jury, and in not having the defendant present when, after the regular court hours, the jury came into court for additional instructions.

The appellant picking out one sentence from a very lengthy charge argues that it amounted to an instruction that the jury was required to find the defendant guilty.

The part of the charge to which the appellant objects is as follows:

"You will and you could either find the defendant guilty in any one or all of those seven cases, or you could find the defendant not guilty in any one or all of those cases, depending upon what you find."

It is claimed that the word "will", being used only in the first portion of the sentence, amounted to an instruction that the jury was required to find the defendant guilty.

No exception was taken to this part of the charge.

The Courts have repeatedly and undeviatingly held that a Judge's charge must be considered in its entirety and error cannot be predicated on certain isolated excerpts from the charge. Isolated excerpts cannot be considered apart from the context and if the whole is accurate and fair, even though certain portions standing alone might have misled the jury to the defendant's

prejudice, the parts objected to do not form a proper basis for reversal. *Commonwealth v. Patskin,* 372 Pa. 402, 93 A. 2d 704, 714 (1953); *Commonwealth v. Barnak,* 357 Pa. 391, 406, 54 A. 2d 865 (1947); *Commonwealth v. Chavis,* 357 Pa. 158, 175, 53 A. 2d 96 (1947); *Commonwealth v. Schurtz,* 337 Pa. 405, 411, 10 A. 2d 378 (1940).

The court instructed the jury numerous times and in numerous ways that it was the duty and right of the jury to determine the question of guilt or innocence. In the opinion of the lower court there were at least twelve excerpts taken from the charge where the court indicated to the jury that it was for it to determine the guilt or innocence of the defendant. We have read the charge and are satisfied that no juror could have come to any other conclusion than that it was within his province to determine the guilt or innocence of the defendant.

The trial judge concluded his charge by asking counsel whether any further instructions were desired and counsel for the defendant answered in the negative. He cannot therefore now complain about alleged errors of the type here suggested. *Commonwealth v. Barnak,* supra.

The second complaint concerning the charge, like the first, was taken out of context. The only defense of the accused was that of insanity. After explaining the nature of the defense on the ground of insanity and the burden upon the defendant, the court said: "That, ladies and gentlemen is the main issue, as I take it, in this case." The contention is that this misled the jury into believing that the guilt or innocence of the defendant was not the issue of the case.

The court gave adequate and proper instructions on the burden of proof required by the Commonwealth and on the burden of proof required to establish in-

sanity. Taking the charge as a whole the jury was not misled by the statement of the court.

The contention that fundamental error was committed in the charge on insanity, to which no objection was made at the time of trial, is equally without merit.

During the evening, while the jury was deliberating, it requested additional instructions from the court. The District Attorney and defense counsel were notified, and appeared. From the discussion at the bar of our Court and the briefs of defense counsel and of the district attorney it appears that the court reporter was absent, and that before the court instructed the jury it was agreed by counsel for the defendant and the district attorney, that it would not be necessary to have a record made of what was said. The court then proceeded to answer the inquiries of the jury and to give them further instructions along the line of their requests. He was not present while this was being done. Now for the first time defense counsel contends that the defendant's absence constituted a violation of his constitutional rights and that there was fundamental error in not having a record made of the court's remarks.

Counsel for the defendant was present when the court held its evening session. He raised no objections to the absence of the defendant, who was not incarcerated at the time but was out on bail. Counsel for the defendant was notified of the intended meeting of the court in accordance with the prearranged plan.

Juries, after long deliberation, frequently request additional instruction from the court after the usual business hours. Counsel for the defendant undoubtedly foresaw this for he left word with court officials where he could be located. It was the duty of the defendant to also foresee the possibilities of the jury desiring additional instructions, and to be available. All he

would have needed to do in this case would have been to notify his counsel where to locate him.

Under the law the defendant may waive his right to be present. *Commonwealth ex rel. Milewski v. Ashe, Warden,* 363 Pa. 596, 70 A. 2d 625 (1950) ; *Diaz v. United States,* 223 U. S. 442, 455 (1912) ; *Commonwealth v. Opolka,* 69 Pa. Superior Ct. 230 (1918). This the defendant did. Had he been incarcerated it would have been the duty of the court to have him present. *Commonwealth ex rel. Milewski v. Ashe,* supra.

The same counsel who argued the case before us agreed that the judge could proceed with additional instructions to the jury without the taking of notes. Even after agreeing that the court could proceed without making a stenographic record counsel had the right to request the court to reduce to writing anything said which he thought was objectionable. As we understand it counsel made no objections to anything that was said during the evening session. At least he made no effort to have any of the remarks reduced to writing.

Where the defendant in a criminal prosecution does not request that the case be stenographically recorded failure to record it does not constitute a violation of constitutional rights. *Commonwealth ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 74 A. 2d 656 (1950).

The defendant received a fair trial and there was no fundamental error.

The judgment is affirmed; and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.