536 Commonwealth *v.* Wetzel, Appellant.

Submitted March 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Frederick W. Andrews,* Public Defender, for appellant.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 12, 1969:

Appellant was tried in 1963 before the court without a jury and found guilty of rape, robbery and a firearms offense. On June 6, 1963, he was sentenced to not less than seven nor more than fourteen years in a state institution. In 1967 appellant filed a petition seeking relief under the Post Conviction Hearing Act. After hearing, the lower court determined that the appellant had not knowingly and intelligently waived his right to appeal and granted him leave to file post-trial motions nunc pro tunc. Subsequent motions for a new trial and in arrest of judgment were overruled by the court below on October 8, 1968.

Appellant then appealed to this court without an allowance. Since this appeal was not taken from the court's action on the Post Conviction Hearing Act petition, which was favorable to the appellant, it was obviously a direct appeal from the judgment of sentence. Such an appeal could not be taken more than five years after the statutory appeal period had expired without allowance of an appeal nunc pro tunc, and appellant should have requested an allowance.

Since we would grant an appeal nunc pro tunc under the circumstances of this case, rather than remanding for a proper petition we herewith permit the appeal nunc pro tunc.

*Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967) and *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968), compel us to grant a new trial to this appellant. In *Dravecz* it was said that a reversal is required in all cases employing a tacit admission "wherein the judgment was not finalized as of the date *Miranda* was announced,"[1] namely, June 13, 1966. The court in *Little* held that in a case in which a direct appeal nunc pro tunc has been allowed, the judgment of sentence is not final because the availability of appeal has not been exhausted. Hence this appellant may raise the question of the evidentiary use against him of a tacit admission even though at the time of his trial the employment of such admissions was not proscribed.

A tacit admission was employed against appellant in several instances at his trial. During the investigation, the appellant was placed in a police office in the presence of two officers and the prosecutrix. On page 43 of the notes of trial testimony, Police Chief Anderson was asked by the district attorney what he had said to the prosecutrix at that time. This exchange followed: "A. I asked Mrs. Hoffer if the man was in the room that allegedly attacked her on the 25th of January, and she said, yes, he is. Q. What did the defendant say, if anything? A. Hung his head and didn't say nothing at all, didn't make no remarks. Q. Well, did or did not Mrs. Hoffer point out the man who attacked her? A. Yes, sir, she pointed to Wetzel." The

---

[1] This view, expressed in Justice Eagen's concurring opinion in *Dravecz*, was adopted by a majority of our Supreme Court in *Commonwealth v. Little*, supra at 259, 248 A. 2d at 31.

Chief's testimony was repeated on cross-examination and two other prosecution witnesses testified to the same identification. All stated that the defendant dropped his head and made no denial.

The judgment of sentence of the court below is vacated and a new trial is granted.

WRIGHT, P. J., would affirm on the opinion of Judge HERMAN for the court below.