Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 12, 1969:
Judgment of sentence affirmed.

CONCURRING OPINION BY HOFFMAN, J.:

Commonwealth v. Savage, Appellant.

461

Argued March 19, 1968.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William F. Bradican,* for appellant.

*James E. O'Brien,* First Assistant District Attorney, with him *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 13, 1969:

Appellant was charged with burglary and arrested on January 11, 1952. He was interrogated by the police and orally admitted his participation in the crime.

Appellant pleaded guilty to the above charge on January 29, 1952 and sentence was imposed on February 8, 1952. At no time in the proceedings was he represented by counsel. Appellant subsequently filed for post-conviction relief and was granted a new trial under the principles declared in *Gideon v. Wainwright,* 372 U.S. 335 (1963).

Appellant was retried on October 4, 1965 by a jury. At the trial, the Commonwealth introduced the oral statements given to the police in 1952. Counsel for

appellant objected to the use of the statements on the ground that, *inter alia*, appellant was not informed of his right to remain silent. *Escobedo v. Illinois*, 378 U.S. 478 (1964). After an in camera proceeding, the lower court ruled that the statements were admissible.

Appellant was subsequently found guilty by the jury, and trial counsel filed motions in arrest of judgment and for a new trial based, *inter alia*, upon the admission into evidence of appellant's inculpatory statements. After subsequent proceedings not relevant to the case at bar, the motions were denied and appellant was sentenced on August 18, 1967 to a term of seven to twenty years.

Our courts have stated that a constitutional right afforded by *Escobedo* is that a defendant, upon being interrogated, must be informed that he has a constitutional right to remain silent. *Commonwealth v. Jefferson*, 423 Pa. 541, 226 A. 2d 765 (1967). This rule has been applied to all trials commencing after June 22, 1964, pursuant to *Johnson v. New Jersey*, 384 U.S. 719 (1966).

The question raised by this appeal is whether the standards set forth in *Escobedo* and *Miranda v. Arizona*, 384 U.S. 436 (1966) must be also followed in retrials commencing after the filing dates of those decisions, June 22, 1964 and June 13, 1966, respectively.

In *Jenkins v. Delaware*, 395 U.S. 213, 37 U.S. Law Week 4458 (1969), the court stated that "because of the increased evidentiary burden that would be placed unreasonably upon law enforcement officials by insisting that Miranda be applied to retrials, and for all the reasons we gave in Johnson for not applying Miranda retroactively, we hold that Miranda does not apply to any retrial of a defendant whose first trial commenced prior to June 13, 1966." This same reasoning would apply to the application of *Escobedo*

rights to any retrial of a defendant whose first trial commenced prior to June 22, 1964.

Accordingly, the judgment of the lower court is affirmed.

HANNUM, J., did not participate in the rendering of this decision.