479 P.2d 344

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Dayton J. BELGARD, Defendant and Appellant.**

**No. 11956.**

Supreme Court of Utah

Jan. 5, 1971.

---

L. G. Bingham, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a burglary conviction. Affirmed.

In 1963 defendant pleaded guilty to the charge, signing a confession under circumstances that permitted admission thereof prior to the interdictions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). He was warned of his rights, except that he was entitled to appointed counsel without charge. In 1969 the local federal court granted a petition for writ of habeas corpus on the basis of an improper plea,—not because of inadmissibility of the confession. He was released to enter another plea within 20 days, which he did,—not guilty. He was convicted by a jury in October, 1969, after his confession was admitted in evidence, which Belgard says was error and which is the only point he urges on this appeal.

He says his release by the federal district court did not result in a re-trial, reasoning that his October, 1969 trial was a *first* trial. From there he goes on to say Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253 (June 1969), having to do with a June 13, 1966 Miranda cut-off date, did not mention Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (March 1969), having to do with the Miranda retroactivity where the confession was obtained prior to June 13, 1966, and that Orozco, unmentioned, must prevail. The state takes a dim view of this reasoning, and so do we. We think that the Jenkins case is dispositive here, where footnotedly it says that "It is immaterial whether State Law treats a retrial as a continuation of the original trial, or as a completely new trial that proceeds as if the former trial never occurred. * * * What is determinative is that the defend-

ant is being tried for the same conduct that was the subject of a previously reversed conviction."

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.