**UNITED STATES of America ex rel. William H. BANKS, Petitioner,**

v.

**Robert J. HENDERSON, etc., Respondent.**

No. 74 Civ. 3882.

United States District Court, S. D. New York.

Nov. 19, 1974.

---

17. See the discussion of Weinberger v. New York Stock Exchange, *supra*.

William H. Banks, pro se.

Richard H. Kuh, Dist. Atty., of N. Y. County, for respondent; Judith Rubenstein, Asst. Dist. Atty., of counsel.

## MEMORANDUM

FRANKEL, District Judge.

In the spring and early summer of 1964, a number of elderly people were brutally beaten and robbed in Manhattan upon returning to their homes and offices from visits to banks. In the midsummer, petitioner was arrested for, and then confessed to, these crimes. When one of the victims died shortly thereafter, petitioner was indicted for murder and several counts of robbery. On October 19, 1965, he was sentenced (as a second felony offender) to serve 20 to 30 years in prison upon his plea of guilty to voluntary manslaughter.

As will appear, petitioner's full confessions were not questioned until some years later. However, he attacked his sentence in state habeas on the ground that he had not been apprised prior to his guilty plea of the maximum sentence he might receive as a second felony offender. The attack prevailed. The sentence on the guilty plea was set aside in May 1968. That *nisi prius* determination was affirmed on appeal.

Proceeding in 1971 to trial upon the indictment, petitioner for the first time assailed the validity of the confessions he had given some seven years earlier. He protested the lack of warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), decided long after the confessions and guilty plea. Beyond that, he urged that the confessions had been involuntary so that their use in evidence would violate due process. As to this, the state trial court conducted an extensive evidentiary hearing following which it concluded:

"That the People have proven beyond a reasonable doubt the' defendant knowingly, intelligently and voluntarily made the statements attributed to him and such statements may be introduced at the trial."

Questions as to his confessions and others ruled against petitioner by the state courts are now presented here as grounds for federal habeas corpus. For reasons now outlined, this court resolves each of these questions against the petitioner.

■ 1. Petitioner acknowledges that under Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253(1969), the rule of Miranda v. Arizona need not be satisfied in a post-*Miranda* retrial where a pre-*Miranda* trial resulted in a conviction which was nullified by appellate or other review proceedings. Here, petitioner argues, there was no prior *trial*, only a sentence upon a guilty plea. But the principle of Jenkins v. Delaware is squarely applicable none the less.

"What is determinative is that the defendant is being tried for the same conduct that was the subject of a previously reversed conviction." 395 U.S. at 222 n. 10, 89 S.Ct. at 1682.

The guilty plea and conviction thereon do not differ from a trial in the cen-

trally pertinent sense that the "investigation was closed years prior to a retrial because law enforcement officials relied in good faith upon a strongly incriminating statement, [which, but for the guilty plea, would have been] admissible at the first trial, to provide the cornerstone of the prosecution's case." *Id.* at 220, 89 S.Ct. at 1681. A number of cases support this conclusion. United States v. Kienlen, 415 F.2d 557 (10th Cir. 1969); Ex parte Perry, 455 S.W.2d 214 (Tex.Cr.App.1970); State v. Belgard, 25 Utah 2d 188, 479 P.2d 344 (1971). See also Commonwealth v. Savage, 214 Pa.Super. 460, 257 A.2d 654 (1969). No cases were cited in the state courts—and this court has discovered none—to the contrary.

■■ 2. Petitioner renews here the argument that his incriminating statements should have been excluded, even apart from the *Miranda* rule as such, for involuntariness. He appears to rely mainly upon state-law contentions, rejected in the state courts, centering upon the nine hours he was detained before completing a long series of confessions, including some (according to the prosecution's evidence) relating to crimes of which his interrogators had not been aware. He also argues, quite properly, that the things of which he was and was not advised may be considered as factors in the totality of circumstances from which voluntariness *vel non* is to be determined. While this point of the presentation is vague and dubious as a federal subject, this court has ordered up and reviewed the transcript of the state hearing leading to the finding of voluntariness beyond a reasonable doubt. Having completed that scrutiny, this court is entirely unable to say that the state hearing was not full, fair, and adequate in all respects, or that the state court's ruling is not amply sustained by the evidence adduced before it. There were, to be sure, credibility issues. But there is no basis upon which this court should, or properly could, reconsider those findings or hear again the evidence to which they relate. See Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ 3. Petitioner actually had two trials in 1971, the first ending in a mistrial when a juror took ill during deliberations. At the first trial, a 76-year-old man testified to facts showing him to have been one of the petitioner's victims. At the second trial, testimony of this witness's son and representations of the prosecutor established that the elderly gentleman was ill in Florida and not in a condition to travel safely. No effort was made to question the asserted facts, but the use of this witness's prior testimony at the second trial was resisted by the defense. The allowance of the testimony, contrary to petitioner's arguments, appears to have been reasonable and proper. It presents no federal question of substance.

■ 4. Pretrial identifications were suppressed on due process grounds though there was evidence to support claims that the identifications had been valid and reliable. Defense counsel proposed then to argue in summation that there had been no lineup. This assertion, obviously not in the evidence before the jury, would have given a distortingly incomplete account. While forbidding it, the trial judge allowed full argument as to the absence of identification evidence at the trial. The result appears to have been entirely fair and sensible. Petitioner's complaints on this score raise no substantial question under the Federal Constitution.

■ 5. There is, finally, an issue said to arise under the best-evidence rule. Whether it does, as petitioner says, or does not, as respondent says, is not a matter of moment. Either way, it is not a topic for federal habeas.

The petition is denied.

So ordered.