UNITED STATES ex rel.
Ronald LUZAICH

v.

Joseph C. CATALANO, Director of the Allegheny County Criminal Court Probation Office.

Civ. A. No. 74–78.

United States District Court,
W. D. Pennsylvania.

Sept. 5, 1975.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

J. Kent Culley, Asst. Dist. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM and ORDER

McCUNE, District Judge.

The issue presented by this petition for writ of habeas corpus is whether as a matter of federal constitutional law a defendant in a state criminal proceeding was denied due process of law by the refusal of a state trial judge to have the closing argument of the prosecutor stenographically recorded upon request of defense counsel. As phrased in the petition before us: Does the Fourteenth Amendment to the Constitution require

1. Petitioner was indicted in the Allegheny County Court of Common Pleas as No. 6854, October Term, 1971.

2. Petitioner was not sentenced to a prison term. Instead he was placed on probation. However, probationary status satisfies the

that closing arguments of counsel be stenographically or mechanically recorded, upon request, so that a criminal defendant will have a record available to attack prejudicial comments of the state prosecutor when he alleges that these comments and arguments deprived him of a fair trial as defined by the Fifth and Fourteenth Amendments to the Constitution. Petition ¶ 9.

### I

On March 15, 1972, petitioner was convicted by a jury in Common Pleas Court of Allegheny County for failure to support a child born out of wedlock,[1] a misdemeanor under Pennsylvania law, 18 P.S. § 4732. Motions for a new trial and in arrest of judgment were subsequently denied whereupon petitioner appealed to the Superior Court of Pennsylvania which affirmed the conviction by per curiam order, 224 Pa.Super. 748, 301 A.2d 903 (1973). The Pennsylvania Supreme Court denied allocatur and the Supreme Court of the United States denied certiorari on January 14, 1974, 414 U.S. 1145, 94 S.Ct. 898, 39 L.Ed.2d 100.

On January 29, 1974, petitioner filed a petition for writ of habeas corpus alleging that he was in custody[2] of respondent pursuant to the judgment of a state court in violation of his rights under the federal constitution. Petitioner alleged, *inter alia*, that his constitutional rights were violated by the failure of the trial court to record the closing argument of the state prosecutor. He contends that such failure denied him due process of law in that it precluded a meaningful appeal, and that this violation was of constitutional magnitude.

Upon initial consideration of the petition, it was our opinion that petitioner

'in custody' requirements of 28 U.S.C. § 2254 since it involves significant restraints of liberty. *Benson v. California*, 328 F.2d 159 (9th Cir. 1964) ; *see generally*, Sokol, Federal Habeas Corpus, § 6.1.

had not properly raised the issues [3] presented here in the state courts. Accordingly, we dismissed the petition for failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b).[4] See Memorandum and Order of April 9, 1974.

Petitioner then filed a motion for reconsideration alleging that the contentions raised in the petition had been presented to the state courts on appeal. That motion was denied by Memorandum and Order of May 3, 1974. Petitioner next filed a motion requesting that the appeals period be stayed so that petitioner could present material establishing that the issues raised in his petition had been presented in the state courts. We granted that motion and heard oral argument on May 27, 1974. However, we remained unconvinced that the state courts had been given a fair opportunity to consider the arguments presented by the petition. Therefore, in the interests of comity we declined to exercise jurisdiction. See Memorandum and Order of May 29, 1974.

Petitioner then appealed dismissal of the petition to the Court of Appeals for the Third Circuit which by per curiam order of April 23, 1975, remanded the case for consideration of petitioner's first contention.[5] The Court of Appeals, relying on *Commonwealth v. White*, 447 Pa. 331, 336, 290 A.2d 246 (1972) held that Pennsylvania's liberal position on appellate review requires that we determine the first issue raised by petitioner:

> "We would hesitate to say that the constitutional issues had been fairly presented to the state appellate courts by the vague and confusing references in petitioner's brief. However, clarification was added in the Commonwealth's brief in the Superior Court
>
> . . .
>
> "Read together, the appellant and appellee briefs did present to the Superior Court of Pennsylvania, albeit sketchily, the issue of whether there was a constitutional requirement of recording the prosecution's closing arguments on defendant's request."

We now consider that issue.[6]

---

3. In addition to his contention that due process requires that the closing arguments of counsel be stenographically recorded, petitioner contended that the Fourteenth Amendment requires that a state trial judge who has mechanically recorded those arguments make that material available to an appealing defendant upon request. See Petition, ¶ 9.

4. 28 U.S.C. § 2254(b) provides:
   "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

5. The Court of Appeals affirmed the dismissal of the petition for failure to exhaust state remedies with regard to the question of whether the Fourteenth Amendment required the trial judge to make a mechanical recording of the prosecution's closing argument available to defendant for purpose of appeal. See n. 3., *supra*.

6. While the decision of the Court of Appeals requires that we determine the first issue

presented in the petition, we adhere to our previously expressed belief that the matter was not raised in the state courts with sufficient specificity to enable those courts to adequately review the issue we now decide. However, we are directed that the matter was presented in a manner which satisfies the exhaustion requirement of 28 U.S.C. § 2254(b). Nonetheless it remains our firm conviction that it was matters such as the one involved here concerning state judicial practice, to which § 2254(b)'s exhaustion requirement was justifiably directed. The reasons for this are obvious: the state courts are best equipped to deal with matters involving state practice and should be afforded an opportunity to review trial errors before federal review. For example, it is apparent that petitioner's statutory right to have all proceedings recorded was violated, see n. 9. *infra*. Whether that right is of sufficient magnitude that its violation entitles petitioner to a new trial *as a matter of state law* is obviously a question for the state courts on which we express no opinion. And, of course, our opinion here is without prejudice to petitioner's right to seek collateral relief in the state courts since all we decide is that his *constitutional* rights were not violated.

## II

"The Due Process Clause of the Fourteenth Amendment has long been recognized as assuring 'fundamental fairness' in state criminal proceedings. See, e. g., *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289–290, 86 L.Ed. 166 (1941); *Moore v. Dempsey,* 261 U.S. 86, 90–91, 43 S.Ct. 265, 266, 67 L.Ed. 543 (1923). Throughout the history of the clause we have generally considered the question of fairness on a case-by-case basis, reflecting the fact that the elements of fairness vary with the circumstances of particular proceedings. As the Court observed in *Snyder v. Massachusetts,* 291 U.S. 97, 116–117, 54 S.Ct. 330, 336, 78 L.Ed. 674 (1934):

'Due process of law requires that the proceedings shall be fair, but fairness is a relative, not an absolute concept. . . . What is fair in one set of circumstances may be an act of tyranny in others.'

(citations omitted).

"However in some instances the Court has engaged in a process of 'specific incorporation,' whereby certain provisions of the Bill of Rights have been applied against the States. . . . In making the decision whether or not a particular provision relating to the conduct of a trial should be incorporated, we have been guided by whether the right in question may be deemed essential to fundamental fairness—an analytical approach which is compelled if we are to remain true to the basic orientation of the Due Process Clause. See, e. g., *In re Oliver,* 333 U.S. 257, 270–271, 68 S.Ct. 499, 506, 92 L.Ed. 682 (1948) (public trial); *Duncan v. Louisiana,* 391 U.S. 145, 155–158, 88 S.Ct. 1444, 1450–1452, 20 L.Ed.2d 491 (1968) (jury trial); *Pointer v. Texas,* 380 U.S. 400, 403–404, 85 S.Ct. 1065, 1067–1068, 13 L.Ed.2d 923 (1965)

(confrontation); *Washington v. Texas,* 388 U.S. 14, 17–19, 87 S.Ct. 1920, 1922–1923, 18 L.Ed.2d 1019 (1967) (compulsory process); *Gideon v. Wainwright,* 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963) (appointed counsel). But once we have determined that a particular right should be incorporated against the States, we have abandoned case-by-case considerations of fairness. Incorporation, in effect, results in the establishment of a strict prophylactic rule, one which is to be generally observed in every case regardless of its particular circumstances. It is a judgment on the part of this Court that the probability of unfairness in the absence of a particular right is so great that denigration of the right will not be countenanced under any circumstances."

*Herring v. New York,* 422 U.S. 853, 867, 95 S.Ct. 2550, 2557, 45 L.Ed.2d 593 (1975) (J. Rehnquist, dissenting).

■ We believe that the right asserted here, to wit, the right to have the closing argument of the district attorney or his assistant in a state criminal proceeding stenographically recorded, is not among those which have been "specifically incorporated" and the denial of which creates a "probability of unfairness so great that its denigration will not be countenanced under any circumstances."

"The United States Supreme Court has never specifically ruled that a transcript of a criminal trial, in and of itself, is a vital due process necessity for appellate review in all criminal trials. Instead, there has been a continuous careful hedge about adequate alternatives to a transcript."

*Commonwealth v. Anderson,* 441 Pa. 483, 486, 272 A.2d 877, 878 (1971). See also, *Commonwealth v. Stewart,* 218 Pa.Super. 38, 42, 269 A.2d 381 (1970); *Commonwealth v. Diehl,* 174 Pa.Super. 280, 101 A.2d 440 (1953), aff'd 378 Pa. 214, 107 A.2d 543 (1954); 10A P.L.E., Criminal

Law, § 462. As stated by the court in *Williamson v. United States,* D.C.App., 224 A.2d 309, 311 (1966):

"We know of no authority holding that due process of law requires that all criminal trials be stenographically reported. If a defendant has a right of appeal, he must be assured of appropriate means to present his claims of error on appeal. A stenographic transcript is not the only means by which this can be done. Historically a statement of proceedings and evidence or a bill of exceptions in narrative form, fairly reflecting the purport of the testimony, has been acceptable."

See also, *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).[7]

■ Therefore, while a transcript of the trial per se is not an absolute due process necessity, there is general agreement that due process does require that for purposes of appeal, there must be at least an "equivalent 'picture' of what transpired below," *Commonwealth v. Anderson, supra,* 441 Pa. at 493, 272 A.2d at 882.

"It is by now well established that the federal Constitution requires that when the right to appeal a judicial order is granted, there must be a record of sufficient completeness to permit 'proper consideration of [appellant's] claims' and 'adequate and effective appellate review.' *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971)." *Commonwealth v. Milliken,* 450 Pa. 310, 319, 300 A.2d 78, 85 (1973) (J. Pomeroy, dissenting); *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972).[8]

■ Therefore, we conclude that there is no constitutional due process requirement[9] that the entire transcript of the proceedings in a criminal trial be stenographically recorded. What is required is some record adequate "they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *Draper v. Washington, supra,* 372 U.S. at 495, 83 S.Ct. at 779. And of course that record, in whatever form, must be of sufficient completeness to enable the appellate court to act intelligently. See *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

### III

As we have said, the essence of petitioner's argument is that the failure of the trial court to record the assistant

---

7. "A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or in the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes." 372 U.S. at 495, 83 S.Ct. at 779. See also *Tate v. United States,* 123 U.S.App.D.C. 261, 359 F. 2d 245 (1966); *Commonwealth ex rel. Turk v. Ashe,* 167 Pa.Super. 323, 74 A.2d 656 (1930).

8. In *Commonwealth v. DeSimone, supra,* the court states:

"Simple logic and justice requires that once a defendant is guaranteed a right of appeal . . . he must be provided with a 'transcript or other equivalent "picture" of what transpired below' in order to have a 'meaningful appeal.' It is just as constitutionally impermissible to deny a defendant a record necessary for appellate review as it is to deny him the assistance of counsel necessary to prosecute the appeal."

See *Commonwealth v. Coleman,* 230 Pa.Super. 1, 4, 326 A.2d 568 (1974).

9. We note that a Pennsylvania statute, 17 P.S. § 1802, requires that upon request of a defendant in a criminal proceeding the official reporter shall report all proceedings and that the defendant be furnished with a copy of the notes of testimony. In *Commonwealth v. Banks,* 454 Pa. 401, 311 A.2d 576 (1973) the scope of that statute was held to embrace closing argument. Thus, it is apparent that the state trial court denied petitioner a statutory right. However, because the availability of federal habeas corpus relief to state prisoners is limited to violations of constitutional proportions, 28 U.S.C. § 2254(a), the violations of 17 P.S. § 1802 does not provide an adequate basis for relief. There is an analogous statute which applies to federal criminal trials, 28 U.S.C. § 753(b). See *Parrott v. United States,* 314 F.2d 46 (10th Cir. 1963).

district attorney's closing argument was a denial of due process as guaranteed by the Fifth and Fourteenth Amendments in that it precluded a meaningful appeal. More specifically, petitioner contends that the absence of a stenographically recorded transcript of the assistant district attorney's closing argument denied him an opportunity to attack prejudicial comments of the district attorney which allegedly denied him a fair trial.[10]

In support of that argument, petitioner cites *United States ex rel. Howard v. Rundle,* 452 F.2d 904 (3rd Cir. 1971). In that case the petitioner alleged that during the course of his closing argument the assistant district attorney had commented on the failure of the accused to testify in his own behalf, saying:

> "You can infer from the fact that the defendant did not take the stand that he has something to hide." 452 F.2d at 905–906.

Finding that it was impossible to determine whether that statement had in fact been made from the record before it because of the absence of a record of the assistant district attorney's summation and defense counsel's objections thereto, the Court of Appeals for the Third Circuit remanded the case to the district court for an evidentiary hearing on that issue. The court also held that if, at the hearing, the issue was resolved in favor of the petitioner, he would be entitled to a new trial on the ground that his privilege against self-incrimination had been violated. See *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The court specifically refused to hold the error harmless because of its constitutional nature and because the state trial judge had not given any

instruction on the right of the accused to remain silent.

After careful review of the entire record we conclude that *United States ex rel. Howard v. Rundle* does not control the instant case. In the first place, petitioner here did testify on his own behalf. In our view, none of the allegedly prejudicial comments, even when viewed together, rise to the level of the alleged *Griffin* violation in *Howard.* Furthermore, whereas there was no record of the assistant district attorney's summation or *"defense counsel's objections thereto"* in *Howard,* we believe that in the present case the record is of sufficient completeness to present an equivalent picture of what transpired during the assistant district attorney's closing argument.[11]

■ While the transcript of the trial proceedings does not include the opening statement or summations of either counsel, we believe that the record presents an adequate picture of what transpired. The tenor of the entire trial was apparently set at the inception when defense counsel moved to withdraw a juror on the basis of prejudice arising from the baby's presence in court. After careful review of the entire record, we are completely satisfied that the state trial court proceedings including the assistant district attorney's closing argument was sufficiently recorded through objections of defense counsel, to enable an appellate court to visualize what transpired.

■■ We recognize that failure of a transcript to contain critical portions of a trial may warrant the granting of a new trial. See, e. g., *Commonwealth v. Norman,* 447 Pa. 515, 291 A.2d 112 (1972) (trial court's charge). Similar-

---

10. Petitioner contends that the assistant district attorney committed prejudicial error in his closing argument in the following respects: (1) he suggested that the rules of evidence prevented proof of additional damaging facts; (2) he commented on the duty of petitioner to testify; (3) he expressed his opinion of petitioner's guilt; (4) he discussed the impropriety of petitioner furnish-

ing pills to the prosecutrix in an attempt to abort the child; (5) he invited the jury to disregard the law and find guilt based on moral obligation; and (6) he argued that the child would become a public charge if defendant were acquitted. See petition, ¶ 14.

11. See Tr. 213–222.

ly, a new trial may be required if the absence of a record, for whatever reason, makes meaningful appellate review impossible. *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1973) (death of court reporter). However, we do not believe that the absence of a transcript of the closing argument in this case precluded meaningful review since we find that the trial record is sufficient to present an adequate picture of what transpired below. We note, however, our full agreement with the statement of the Court in *Commonwealth v. Stewart, supra,* 218 Pa.Super. at 42, 269 A.2d at 383:

"There is no constitutional requirement that proceedings in a criminal prosecution be stenographically reported. But the best practice, however, is to report the entire proceeding."

In summary, we are of the opinion that despite the recurrent inability of the trial judge and defense counsel to see eye-to-eye, the petitioner received a fair trial. Therefore, his petition is dismissed.

It is so ordered.

There is no probable cause for appeal.